FRANK L. MADDEN *vs.* FRANK A. SHAW.

Middlesex.    May 14, 15, 1931. — October 2, 1931.

Present: CROSBY, PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Equity Pleading and Practice*, Master: recommittal, findings of fact. *Partnership*, Dissolution, Accounting.

The record, on appeal from a decree of the Superior Court denying a motion to recommit a suit in equity to a master so that further findings of fact with regard to certain matters dealt with in the report might be made, did not disclose any abuse of discretion in such denial, and it was *held*, that no error was shown.

A master, to whom was referred a suit in equity for dissolution of a partnership and for an accounting to determine the proper distribution of the firm assets between the partners, made the following statement in his report: "From these facts I accordingly feel obliged to draw the conclusion that the parties have never reached any agreement that the plaintiff should receive a salary in excess of $40 a week. If I am wrong in this conclusion, the court should revise it." *Held*, that such statement was a finding of fact although the master submitted it for revision by the court.

There is no rule of law which forbids as between partners the use of any method of computing capital or profits of the partnership upon which they may agree without fraud, deceit or concealment; and such an agreement, if not embodied in an agreement in writing, may be shown by parol evidence.

A practice, respecting a method of computing capital or profits of a partnership, followed uniformly without objection during the continuance of the firm, may be inferred to rest upon agreement.

It is not unreasonable for partners to agree that as between themselves profits which a partner allows to remain undrawn shall be treated at the end of each year as added to his capital, thus affecting his share of the profits in the ensuing twelve months.

Findings, in a report of a master to whom was referred a suit in equity for dissolution of a partnership and for an accounting to determine the proper distribution of the firm assets between the partners, that each year a new computation of capital should be made, and that a deduction of depreciation after and not before the computation of the yearly profit was the result of mutual mistake, were warranted upon evidence stated in the report, and a decree entered in accordance therewith was affirmed.

BILL IN EQUITY, filed in the Superior Court on February 13, 1929, and afterwards amended, for dissolution of a partnership engaged in carrying on a moving picture

business in Hudson, and for an accounting to determine the proper distribution of the firm assets between the partners.

A receiver was appointed and the suit was referred to a master.

The master's report contained the following: "From these facts I accordingly feel obliged to draw the conclusion that the parties have never reached any agreement that the plaintiff should receive a salary in excess of $40 a week. If I am wrong in this conclusion, the court should revise it."

The master also found respecting the capital of each partner as of December 31, 1928, as follows:

|  | Amount | Per Cent. |
|---|---|---|
| Madden | 9,335.64 | 28.6 |
| Shaw | 23,277.54 | 71.4 |
| Total | 32,613.18 | 100.0 |

"The foregoing computations accord with the partners' accounts on the books, as they now stand, except that I have not included any of the figures which appear in the account on page 51 of Exhibit 3, entitled 'F. A. Shaw Special Cash Control.'

"In connection with all of the foregoing computations there is one further fact which should not be overlooked, lest it enure to the advantage of one party or the other, and that is this: In December, 1920, when the parties reached their agreement with respect to the division of the profits, the precise agreement which they then made was that the profits should be divided between them in the proportions that the amount of the capital of each partner bore to the total capital of the firm, and that the losses should be borne in the same proportions. Nothing was said at that time with respect to the capital being computed anew as of January first of each year. But at the conference of February 14, 1926, as the result of which the 'special journal entry' above referred to was made, Harry Madden and the defendant determined the amount of the capital as of January first each year, and, having done this, then

apportioned the profits for that year accordingly. In all of my computations · above I have followed this same method."

He further found that the partnership owed the defendant $3,063.85, money advanced to pay certain legal services rendered to the firm, and that the plaintiff was accountable to the partnership for excess payments of salary and other items in the sum of $3,822.10.

The master's report was filed on December 31, 1930. A report of the receiver, filed on March 13, 1931, showed a balance in his hands of $27,542.72, and, among items of disbursements, a payment of $300 to each partner as advances from capital investment.

The plaintiff moved that the report be recommitted to the master for further findings of fact. The suit then was heard by *McLaughlin,* J., by whose order there was entered a final decree denying the plaintiff's motion to recommit the suit to the master, confirming the master's report, directing the receiver to file forthwith "a complete and correct account of his receipts and disbursements, together with a statement of the services performed by him, the expenses incurred and disbursements made by him in connection therewith, and the balance remaining in his hands for distribution to the plaintiff and to the defendant in this action"; to pay to the defendant out of the balance in his hands his costs in this action in the sum of $100, said costs being taxed as in an action at law; and that the "balance remaining in the receiver's hands, to wit; $27,542.72, to which shall be added the sum of $3,822.10 due from said Frank L. Madden to the partnership of Madden and Shaw, and the sum · of $300 each heretofore advanced to said Madden and to said Shaw by the said receiver shall be paid and distributed by the receiver as follows: To the plaintiff 28.6 per cent. thereof less the sum of $4,122.10, and to the defendant 71.4 per cent. thereof less the sum of $300."

The plaintiff appealed from such final decree.

*F. H. Davis,* (*E. W. Goodale* with him,) for the plaintiff.

*R. E. Joslin,* (*F. E. Morris* with him,) for the defendant.

WAIT, J.   This proceeding is, in substance, a bill for dissolution of a partnership and for an accounting to determine the proper distribution of the firm assets between the partners.   The case was referred to a master.   A motion to recommit the report has been denied.   Exceptions of the plaintiff have been overruled.   The report has been confirmed.   A final decree has ordered distribution of the balance remaining in the hands of a receiver after confirmation of the receiver's account.   The plaintiff appeals and contends that there is error in the refusal to recommit; in the overruling of his exceptions; and in the amounts decreed to be paid to the plaintiff and the defendant.

There is no report of the testimony.   The findings of fact by the master must stand unless clearly wrong.   We find no error in the refusal to recommit.   The motion sought recommittal so that further findings of fact with regard to certain matters dealt with in the report might be made. Nothing appears to show any abuse of the discretionary power of the judge.   It rested in his discretion to grant or deny what, in substance, was further hearing.   *Chamberlain* v. *Henry*, 263 Mass. 63.

Such of the exceptions as merely challenged the master's findings of facts were properly overruled.   *First National Bank of Haverhill* v. *Harrison*, 271 Mass. 258.   The finding with regard to the amount overdrawn as salary was none the less a finding of fact that the master submitted it for revision by the court.   Any finding is subject to revision if enough is reported to show that, as matter of law, it is not justified by the other findings or the evidence reported. The facts reported would support a finding that $40 per week of the amount withdrawn by the plaintiff as salary was withdrawn wrongfully.

The method of computation of each partner's capital was proper in view of the findings.   We know of no rule of law which forbids the use of any method of computing capital or profits of a partnership which is agreed upon by the partners without fraud, deceit or concealment.   If it is not embodied in a written agreement, and here there were no written articles of copartnership, it may be shown by

evidence. A practice followed uniformly during the continuance of the firm without objection may be inferred to rest upon agreement. It is not unreasonable to agree that profits which a partner allows to remain undrawn shall be treated at the end of each year as added to his capital and thus affect his share of profit in the ensuing twelve months. A different situation would be presented if objection were made at the time. The finding that each year a new figuring of capital should be made is justified. The finding that the deduction of depreciation after and not before the figuring of the yearly profit was the result of mutual mistake also is justified upon the evidence stated in the report. The decree was right in following the computation of the master based upon a different method. The exceptions to the report were overruled rightly.

Upon confirmation of the report, the only question left was the decree appropriate upon the facts reported. We find no error in that decree. It gives to each partner the share of the balance in the receiver's hands to which his contribution to the capital entitles him, after he has made good to its assets his indebtedness to the firm.

*Decree affirmed.*