MARY F. RYDER *vs.* JAMES A. DONOVAN & another, executors.

Essex.    December 12, 1932. — April 4, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Equity Pleading and Practice,* Master: recommittal, exceptions, findings of fact. *Gift.*

In a suit in equity, the disposition of a motion for the recommittal of a report to a master is within the discretion of the judge.

An exception by the plaintiff to a master's report in a suit in equity on the ground that it contained a recital of the contents of the plaintiff's bill was without merit because, whether such recital was accurate or inaccurate, it could do the plaintiff no harm.

Exceptions to a report of a master in a suit in equity which attacked a statement of the master that he admitted certain evidence, but did not attack the admission of the evidence, were without merit.

A master, to whom was referred a suit in equity by a mother against the executor of the will of her daughter involving the issue, whether the mother, in mutual financial transactions with her daughter, had made a gift to her of certain money and securities, included in his report merely findings of subsidiary facts without deciding the ultimate issue, whether there was or was not a gift. A judge, who heard the suit upon the pleadings and report, found that a gift had been made; and this court, upon appeal from a final decree based on said finding, reviewed the findings of the master without reference to the finding by the trial judge and affirmed the decree.

BILL IN EQUITY, filed in the Superior Court on November 13, 1930.

The suit was referred to a master. Material findings by the master and exceptions by the plaintiff to his report are stated in the opinion. By order of *Whiting*, J., there were entered an interlocutory decree confirming the report as modified in certain particulars; and a final decree dismissing the bill. The plaintiff appealed.

*H. A. Bowen*, (*H. C. Mamber* with him,) for the plaintiff.

*J. M. Hargedon*, (*F. Bernardin* with him,) for the defendants.

LUMMUS, J. On December 18, 1901, Frederick J. Ryder died, intestate, leaving his widow, the plaintiff, then fifty-three years old, and their only child, Alberta E. Ryder, then nineteen years old. The administrator of his estate settled his final account in due course, with the assent of the plaintiff and Alberta E. Ryder, and turned over to them cash amounting to more than $6,000, and corporate stock upon which they received dividends until the corporation was liquidated in 1929, amounting to $73,000, besides dividends in liquidation in 1929 amounting to nearly $18,000. Alberta E. Ryder worked for the corporation for some years prior to 1929. In addition, Frederick J. Ryder left them real estate which they sold in 1924 for $15,000. Of course, the plaintiff had one third, and Alberta E. Ryder two thirds, of the estate.

Alberta E. Ryder and her mother lived together at all times. The master finds that "their chief interest and concern in life was the welfare of each other." There was never any fraud, concealment or want of harmony between them. Soon after the death of Frederick J. Ryder, Alberta E. Ryder, with the consent of her mother, took charge of all their business affairs. Practically all the money received from the estate, from the sale of property derived from Frederick J. Ryder, and from the income of investments, was deposited in the name of Alberta E. Ryder. Almost all investments, whether in savings banks, stocks, bonds, real estate or jewelry, were made in her name. The income of all investments was used by her to defray the living expenses of herself and her mother and no record of payments was kept. There was no agreement that the

mother should have any specific interest, legal or equitable, in any of the investments made. The mother apparently knew everything that was done, and was perfectly satisfied with whatever her daughter did.

In 1929 Alberta E. Ryder became seriously ill with cancer. The plaintiff knew that the daughter was about to die, knew that by an earlier will the daughter had given her entire estate for the benefit of the plaintiff for life with remainder to charity, suggested the making of the daughter's last will for the purpose of extending the benefit of the remainder to certain relatives in addition to charity, and never asked any accounting or division of the property known to the plaintiff to be standing in the name of the daughter. The daughter's last will, executed on December 31, 1929, and duly proved and allowed after her death, which occurred on May 15, 1930, appointed the defendants executors, and gave the entire estate to trustees for the benefit of the plaintiff for life, with power in the trustees to use the principal for her support if needed, and with remainder to various persons and charities. The inventory showed savings bank deposits, stocks, bonds and some jewelry, all of the value of $54,754.87, and real estate valued at $9,500.

On November 13, 1930, with the intention of benefiting at her own death one or more of her relatives and prospective legatees who have been closely associated with her since the death of her daughter, the plaintiff, then eighty-two years old, brought this suit for an accounting of the property of the plaintiff received many years ago by Alberta E. Ryder. The case was referred to a master, to whose report the plaintiff filed objections which became exceptions by force of Rule 90 of the Superior Court (1932), following Equity Rule 26 (1926) of this court (252 Mass. 608). One exception was sustained and the others were overruled by an interlocutory decree, which also denied a motion of .the plaintiff for a recommittal of the report for further and different findings, and confirmed the master's report with a slight modification. A final decree was entered, dismissing the bill with costs. From both decrees the plaintiff appealed.

The recommittal of a report is a matter within the discretion of the judge. *Greek Orthodox Community* v. *Malicourtis,* 267 Mass. 472, 480. *Brine* v. *Parker,* 271 Mass. 86, 93. *First National Bank of Haverhill* v. *Harrison,* 271 Mass. 258, 262. *Madden* v. *Shaw,* 277 Mass. 71, 74. The plaintiff's exceptions numbered 4, 5 and 6 attack findings of the master as to the plaintiff's conduct inconsistent with her present claim, and as to the motives for the suit, on the ground that such matters are immaterial and tend to confusion. But they appear material upon the reality of the claim now made. Exception 7 attacks a recital as to the contents of the plaintiff's bill, but such a recital, whether true or untrue, could do the plaintiff no harm. Exception 8 is to a statement by the master that at one time he had misunderstood the plaintiff's contention; but as the misunderstanding was corrected, the exception is without merit. Exception 9 is to the finding of the master that there was no agreement that the plaintiff should have a specific share in the investments made. That finding was consistent with the rest of the report. Exceptions 3, 10, 11 and 12 attack a statement of the master that he admitted certain evidence, but do not attack the admission of the evidence. The statement could do the plaintiff no harm. The other exceptions are not argued. All the exceptions argued were properly overruled.

The master, after stating the subsidiary facts, did not proceed, as he might well have done, to find the ultimate fact of gift or no gift. *Simpkins* v. *Old Colony Trust Co.* 254 Mass. 576. *Wood* v. *Baldwin,* 259 Mass. 499, 512. *Wilson* v. *Jones,* 280 Mass. 488. *Millett* v. *Temple,* 280 Mass. 543. It therefore became the duty of the trial judge, if satisfied with the report as a basis for decision, to decide that ultimate question of fact by inference from the subsidiary facts stated in the report. It now becomes our duty to decide the same question anew, without regard to the decision below. *Millett* v. *Temple,* 280 Mass. 543, 549. *Kenney* v. *Blackman, ante,* 268. We think the proper inference is that the plaintiff made a gift of the property to her daughter. The relations of the plaintiff and her daughter,

the natural expectation that the daughter would be the survivor, the acquiescence of the plaintiff for so many years in a use of the property that renders impossible the untangling and division of it on any certain basis (*McKnight* v. *Taylor*, 1 How. 161, 168; *King* v. *White*, 63 Vt. 158; *McGrann* v. *Allen*, 291 Penn. St. 574; *Simon* v. *Sleinis*, 270 Mass. 465, 470), and the failure of the plaintiff even when the death of her daughter was imminent to ask any accounting or to make any claim (*Walker* v. *Hargear*, 36 Wash. 672), lead us to the conclusion that the plaintiff made a gift to her daughter of all the plaintiff's property turned over to the daughter. *M'Cluney* v. *Lockhart*, 4 McCord Ch. 251. *Falconer* v. *Holland*, 5 Sm. & Marsh. 689. *Parker* v. *Lechmere*, 12 Ch. D. 256.

*Decrees affirmed with costs.*