NELLIE L. B. MILLETT *vs.* EDWARD H. TEMPLE.

Suffolk. April 5, 1932. — October 27, 1932.

Present: RUGG, C.J., CROSBY, WAIT, & DONAHUE, JJ.

*Equity Pleading and Practice*, Master: report, findings; Appeal. *Gift. Equity Jurisdiction*, Accounting, Allowance for expense.

Where a rule referring a suit in equity to a master directed him "to hear the parties and their evidence and report his findings . . . together with such facts and questions of law as either party may request," and the master reported certain evidence "only at the earnest request of the plaintiff, to avoid any possible need for a recommital of the report for further findings on this point," this court, upon appeal by the plaintiff from a final decree, *stated* that such practice was not approved as a precedent; but that, since the decision must be adverse to the plaintiff even if such evidence were considered, the grounds of substantive law, taking such evidence into consideration, were set forth.

A master hearing a suit in equity for an accounting found in substance, as to $515, the proceeds of a called bond, which the plaintiff contended was received by the defendant for the plaintiff, a woman, that an entry of March 1 in the stub of a check book of the defendant's wife, who was the plaintiff's daughter, showed that that sum was received, not by the defendant, but by the plaintiff's daughter; and that the defendant was not obliged to account to the plaintiff therefor. The master, at the request of the plaintiff, reported as evidence an entry in the daughter's check book under date March 18 of a check to the defendant for $350 "For" the plaintiff and a card of the defendant showing that he turned that check together with a check of his own for $165.70 over to a broker for credit to an account in his name but solely for the plaintiff's benefit. As to such evidence the master stated that he did not allow it to control his finding that the defendant did not receive the proceeds of the bond and should not be held to account for it. *Held*, that the evidence fell short of shaking the express finding by the master that the defendant was not liable for such item, and that the master's finding must stand.

As to another item in the account between the parties in the suit above described, the master reported in substance that the controversy

followed a separation of the defendant from his wife, the plaintiff's daughter, which culminated in a divorce shortly before the inception of this suit; that in April, 1915, the plaintiff lent the defendant $2,300 to assist him in buying a home in which she thereafter lived with the defendant and his wife; that no payment ever had been made on account of the principal of this loan, but payments of interest at the rate of five per cent per annum were received by the plaintiff from the defendant until August 31, 1917; that at that time the plaintiff told the defendant that she did not feel that she was paying her proper share of the expenses as a member of the defendant's household and that he "might forget the $2,300 loan"; that since that time the plaintiff had neither received nor asked for any interest; that in 1925 that home was sold and from the proceeds of the sale $2,244 was paid on account of a mortgage of another house purchased in the name of the plaintiff's daughter, who was then the wife of the defendant; that the defendant later joined in a conveyance of this property to the plaintiff, who took title merely as a straw for her daughter and had no beneficial interest therein. Based on his findings, the master concluded that such loan was discharged by the plaintiff on August 31, 1917, "on which date she made a gift to the defendant of the remainder then due to her on account of said loan." *Held,* that

(1) So far as the question was one of fact, the master's conclusion could not be pronounced wrong;

(2) The generally accepted rule of law, that a gift of a chose in action not having such tangible body as to be chattel property, including a gift of a simple debt, cannot be made effective without a deed, the execution of an adequate release or transfer in writing or the performance of some other act placing the debt beyond the legal control of the creditor, was not applicable, since the events and conduct of the parties after 1917 placed the debt beyond the control of the plaintiff and vested it in the defendant;

(3) The conclusion of the master was warranted both in fact and in law.

At the argument before this court of the suit above described, the plaintiff moved that she be allowed as against the defendant the actual expenses incurred by her in the accounting in the case on the ground that the defendant occupied a fiduciary relation to her, that he owed to her the duty to account, that he failed in this duty although given ample opportunity, and that the plaintiff was compelled at her own expense to make a lengthy investigation to state the account. It did not appear from the record that such question was raised in the trial court at the time the final decree was entered. *Held,* that

(1) Such contention should have been presented in the trial court before the entry of a final decree and a full finding of relevant facts requested if it was desired to secure review of the decision then made;

(2) The motion was denied.

BILL IN EQUITY, filed in the Superior Court with a writ in trustee process dated May 31, 1929, for an accounting.

The suit was referred to a master. The two items left for consideration by the master, as stated in the opinion, are described by the master as follows:

"(1) The proceeds of the Malden and Melrose Gas Light Company bond which was called on or about March 1, 1924, amounting to $515, and (2) The $2,300 advance made by the plaintiff to the defendant on April 13, 1915."

The findings of the master relating to the first item were in substance as follows:

"The defendant is methodical in his habits and appears to have kept reasonably complete records of his financial dealings. On an investment card which the defendant kept and which is ticketed, 'N. L. B. M.' (which are the initials of the plaintiff) the purchase of this bond on March 5, 1921, and the amount of the purchase price were recorded by the defendant. This card also bears notations in the defendant's handwriting under date of March 1, 1924, indicating that the bond matured, that $500 was received for it, and that the Old Colony Trust Company acted as broker both on the purchase and the sale of the bond.

"In the check book of the plaintiff's daughter (then the wife of the defendant) there is a stub entry in her own handwriting bearing date of March 1, 1924, 'Bond called $515.00'; plaintiff's daughter's balance after this deposit was $586.07, and no further deposits are recorded in the check book until March 19, 1924. It appears from this March 1, 1924, entry, and I so find, that the proceeds of the Malden and Melrose Gas Light bond were received not by the defendant but by the plaintiff's daughter. I therefore find that defendant is not obliged to account to the plaintiff for this sum. The plaintiff endeavored to control the finding just recorded by evidence that on March 18, 1924, a check book stub entry of plaintiff's daughter indicates that she drew a check to 'E. H. T.' (the initials of the defendant) in the sum of $350, the entry being *in ink*, in the handwriting of plaintiff's daughter. There appeared beneath this entry, *in pencil*, in the handwriting of plaintiff's daughter the further entry (after the printed word 'For'), 'N. L. B. M.' All the stub entries relating to this

check excepting the initials 'N. L. B. M.' were in ink. The plaintiff's daughter did not testify, and I cannot find on the evidence presented to me that this pencilled notation was brought to the defendant's attention in March, 1924, or even that the pencilled entry was made contemporaneously with the other entries on the page. There was also evidence before me in the form of a card in defendant's handwriting that Mr. Temple on March 18, 1924, turned over his wife's check for $350 and his own check for $165.70 to Richardson, Hill and Company for credit to an account with that firm standing in his name. It was agreed by the parties that the Richardson, Hill and Company account in defendant's name to which I have just referred, was an account for the benefit of plaintiff and plaintiff's daughter and that no transactions for defendant's benefit were carried through that account. There was no evidence that any transaction recorded in the Richardson, Hill and Company account subsequent to March 18, 1924, was for the benefit of the plaintiff. I did not allow the evidence just recited to control my finding that the defendant did not receive the proceeds of the Malden and Melrose Gas Light bond; and consequently should not be held to account for it; and I report this evidence in addition to my finding of fact in the face of the rule which issued to me only at the earnest request of the plaintiff, to avoid any possible need for a recommital of the report for further findings on this point."

Other material facts found by the master are stated in the opinion.

The suit was heard in the Superior Court by *W. A. Burns*, J., by whose order there were entered an interlocutory decree overruling exceptions of the plaintiff to the master's report and confirming the report and a final decree ordering the defendant to pay to the plaintiff the sum of $2,098.98. The plaintiff appealed from both decrees.

*P. B. Buzzell*, for the plaintiff.

*J. H. Powers*, for the defendant.

RUGG, C.J. This is a suit in equity whereby the plaintiff seeks an accounting from the defendant, who for about

twelve years acted for her in the purchase, sale and handling of securities. The defendant was the son-in-law of the plaintiff. The controversy between the parties appears to have followed separation between the defendant and his wife, which culminated in a divorce shortly before the inception of the present suit. There were many items in the account, but through the efforts of counsel in auditing account books, check books and other evidence the items in dispute were narrowed to four. At the argument before the master two of these were eliminated by admissions, so that only two remain for consideration.

1. The master found that the money paid by way of principal and interest of a called bond was received, not by the defendant but by the plaintiff's daughter, and that therefore the defendant was not required to account for it. The master stated that, notwithstanding the rule requiring him "to hear the parties and their evidence and report his findings . . . together with such facts and questions of law as either party may request," he reported certain evidence "only at the earnest request of the plaintiff, to avoid any possible need for a recommital of the report for further findings on this point." There was no exception to the report of the master in this particular. Plainly he was not required to embody any evidence of this nature in his report. *Smith* v. *Lloyd,* 224 Mass. 173, 174. *Kilkus* v. *Shakman,* 254 Mass. 274, 277. *Wood* v. *Baldwin,* 259 Mass. 499, 508, 509. This practice is not approved as a precedent, but, since the decision must be adverse to the plaintiff, there seems to be no objection to stating the grounds of substantive law which support that result. *Commonwealth* v. *McNary,* 246 Mass. 46, 48. The contention of the plaintiff that the reported evidence is sufficient to show that the finding of the master was wrong cannot be supported. That evidence consisted in part of the entry on a check book stub of the plaintiff's daughter in her handwriting as to a check drawn to the order of the defendant. Although the daughter was not called as a witness, no objection appears to have been made as to the competency of this evidence. Therefore it must be regarded as entitled to whatever pro-

bative force the master was bound to attribute to it. This entry was not shown to have been made contemporaneously with the drawing of the check. It was partly in ink and partly in pencil, and it does not appear to have come to the attention of the defendant until the hearing. The master well might give this no weight on the issues involved. The reported evidence consisted further of a card in the handwriting of the defendant showing that he turned over the check of his wife referred to on her check stub, together with a check of his own, to a firm of brokers for credit to an account which although standing in his name was exclusively for the benefit of the plaintiff and her daughter, and no transactions for his benefit were carried on that account. The circumstance that there was no evidence to the effect that any subsequent transaction in this account was for the benefit of the plaintiff, together with the coincidence that the two checks together aggregated an amount not far from the sum received for the bond, falls short of shaking the express finding of the master that the defendant was not liable for this item. All the evidence was not reported and the weight of that reported was wholly for the determination of the master. *Cushman* v. *Noe*, 242 Mass. 496, 501. The master's finding must be accepted as final.

2. The master's findings touching the other disputed item are in substance that in April, 1915, the plaintiff lent the defendant $2,300 to assist him in buying a home in Belmont. The plaintiff thereafter lived with the defendant and his wife in that home. No payment has ever been made on account of the principal of this loan, but payments of interest at the rate of five per cent per annum were received by the plaintiff from the defendant until August 31, 1917. At that time, being the date of the last payment of interest, the plaintiff told the defendant that she did not feel that she was paying her proper share of the expenses as a member of the defendant's household and that he "might forget the $2,300 loan." Since that time the plaintiff has neither received nor asked for any interest. In 1925 that home was sold and from the proceeds of the sale $2,244 was paid on account of a mortgage of another house purchased in the

name of the plaintiff's daughter, who was then the wife of the defendant. The defendant later joined in a conveyance of this property to the plaintiff, who took title merely as a straw for her daughter and had no beneficial interest therein. The conclusion of the master on this matter is: "So far as it is a question of fact, I find that this $2,300 loan was discharged by the plaintiff on or about August 31, 1917, on which date she made a gift to the defendant of the remainder then due to her on account of said loan. This finding is based entirely on the other findings which I have recorded elsewhere in this report." Those findings have already been summarized.

The conclusion stated is to be accepted only so far as in our opinion supported by the reasonable inferences from all the other principal and subsidiary facts found. *Barrows* v. *Fuller*, 253 Mass. 79, 83. *Martin* v. *Jablonski*, 253 Mass. 451, 453. *Prudential Trust Co.* v. *McCarter*, 271 Mass. 132, 139. *Robinson* v. *Pero*, 272 Mass. 482, 484. *Nelson* v. *Belmont*, 274 Mass. 35, 39. So far as the question is one of fact, we think that the master's conclusion cannot be pronounced wrong.

The question of law remains whether an oral gift of a simple debt by the creditor to the debtor, without more, discharges the debt. It is a settled principle of the common law that title to personal property having physical existence cannot pass by parol gift unless there is such delivery of possession to the donee as the nature of the property permits. That principle was declared applicable to a chattel upon great deliberation in *Cochrane* v. *Moore*, 25 Q. B. D. 57. It is settled also that an oral gift of a bond, a promissory note, a savings bank book, shares of stock in a corporation and personal property of like nature, accompanied by actual delivery of the evidence of title to the donee with intent to pass title, and acceptance by the donee, will transfer ownership. *Mangan* v. *Howard*, 238 Mass. 1, 5, and cases collected. No one of these cases reaches to the facts here presented, where the gift had no corporeal existence, where no document, token or symbol constituted evidence of title to it, but where it was a pure chose in

action without palpable form. There are expressions in some of our decisions bearing on the question whether there can be an oral gift of such property. In *Buswell* v. *Fuller,* 156 Mass. 309, the issue was whether there had been a gift of a promissory note. It was said by Mr. Justice Knowlton at page 311: "A mere oral gift, without a complete transfer of the thing given, such that the giver no longer retains control of it, is ineffectual to pass a title." In *Cardoza* v. *Leveroni,* 233 Mass. 310, at page 313, occurs this: "A gratuitous promise to discharge a debt does not extinguish it." See *Smith* v. *Johnson,* 224 Mass. 50. The proposition has been stated in substance in numerous decisions in other jurisdictions and by text writers that a gift of a chose in action not having such tangible body as to be chattel property, including a gift of a simple debt, cannot be made effective without a deed, the execution of an adequate release or transfer in writing, or the performance of some other act placing the debt beyond the legal control of the creditor. This principle has its roots deep in the common law and comes from early times. *Flowers Case,* Noy, 67. *Gray* v. *Barton,* 55 N. Y. 68, 72, 73. *Matter of Van Alstyne,* 207 N. Y. 298, 308. *Cohen* v. *Cohen,* 177 N. Y. Supp. 180. *Van Cleef* v. *Maxfield,* 171 N. Y. Supp. 333, 335; affirmed in 186 App. Div. (N. Y.) 906; *Wachsmuth* v. *Penn Mutual Life Ins. Co.* 147 Ill. App. 510, 531; affirmed in 241 Ill. 409. *Young* v. *Power,* 41 Miss. 197, 210–211. *Baldwin's Executor* v. *Barber's Executors,* 151 Ky. 168, 172. *Pennington* v. *Gittings,* 2 Gill & J. 208, 216. *Snowden* v. *Whyte,* 67 Md. 130, 134. *Miller* v. *Neff,* 33 W. Va. 197, 206. *Noble* v. *Smith,* 2 Johns. 52, 56. *Strong* v. *Bird,* L. R. 18 Eq. 315, 317–318. *Quirk* v. *Quirk,* 155 Fed. Rep. 199, 206. Williston on Contracts, § 440. Page on Contracts, § 603. 28 C. J. 666, and cases collected. 2 Kent Com. (14th ed.) page *439. Ann. Cas. 1915 A, 18–23, and cases collected. The overwhelming weight of authority, if not the unbroken current of decisions, supports this principle. It is supported, also, by the analogous cases holding that a parol release of the balance of an undisputed debt in consideration of part payment is

invalid. *Weber* v. *Couch*, 134 Mass. 26. *Specialty Glass Co.* v. *Daley*, 172 Mass. 460. *Barnett* v. *Rosen*, 235 Mass. 244, 248, and cases collected. *Bascombe* v. *Inferrera*, 271 Mass. 296, 302. There is a sentence in the opinion in *Briggs* v. *Leonard*, 261 Mass. 381, 384, which standing alone is to the effect that oral statements of gift of a debt constitute sufficient proof. That sentence was not necessary to the decision. The bill of exceptions in that case discloses evidence of an original gift rather than a loan of the money alleged to constitute the debt. All the evidence required the submission of that case to the jury. The actual decision in that case does not support the contention of the defendant and the opinion is to be read in connection with the facts and in the light of the issues and contentions then before the court. *Vigeant* v. *Postal Telegraph Cable Co.* 260 Mass. 335, 343–344. *Welch* v. *King*, 279 Mass. 445, 450.

The facts already recited show that the original gift in August, 1917, rested wholly in parol. If question had arisen as to the validity of the gift shortly after that time, it would have been quite different from that now presented. The defendant and his wife, the daughter of the plaintiff, lived together until December, 1927; he was granted a divorce in 1928, and the present suit was commenced in May, 1929. The plaintiff lived with the defendant and his wife, her daughter, from 1915 to 1922. For a period of approximately twelve years after the oral gift, no interest on the loan was asked or received by the plaintiff, although prior to that date interest had been paid. Eight years after the oral gift, very nearly the amount of the principal of the loan was paid out of the proceeds of the sale of the Belmont home in the purchase of a new home in the name and for the benefit of the daughter of the plaintiff. The continued living by the plaintiff in the home of the defendant from the time of the oral gift until 1922 without payment of interest on the loan is a circumstance of some consequence. The statute of limitations has not been pleaded by the defendant and would be at variance with his general theory. Nevertheless, the efflux after the oral gift of five years while

the plaintiff continued to live in the defendant's family, of ten years before the separation between the defendant and his wife, and of twelve years before the suit was instituted, and the conduct of the parties during all this time in treating the loan as forgiven in 1917, are of significance. All these factors in combination warranted the conclusion by the master that the balance due on the loan was given to the defendant by the plaintiff in 1917, and that subsequent events and conduct by the parties placed the debt beyond the control of the plaintiff and vested it in the defendant.

3. The plaintiff moved at the argument before the full court that she be allowed as against the defendant the actual expenses incurred by her in the accounting in the case at bar on the ground that the defendant occupied a fiduciary relation to her, that he owed to her the duty to account, that he failed in this duty although given ample opportunity, and that the plaintiff was compelled at her own expense to make a lengthy investigation to state the account. The plaintiff relies upon principles stated in *Bogle* v. *Bogle,* 3 Allen, 158, *Bryant* v. *Russell,* 23 Pick. 508, 521, and *Loring* v. *Wise,* 226 Mass. 231. Compare *Fuller* v. *Trustees of Deerfield Academy,* 252 Mass. 258. No one of these decisions is exactly in point. Without passing upon the merits of this contention, it is enough to say that the point does not appear to have been raised in the trial court at the time the final decree was entered. It ought to have been presented then and a full finding of relevant facts requested if it was desired to secure review of the decision then made. This motion is denied.

*Interlocutory and final decrees affirmed.*