## HARRY A. DANIS *vs.* ANTONE ANGELO.

Bristol.   May 22, 1933. — June 26, 1933.

Present: RUGG, C.J., PIERCE, WAIT, FIELD, & LUMMUS, JJ.

*Waiver. Bills and Notes,* Waiver of payment. *Gift.*

At the trial of an action by an indorsee against the maker of a negotiable promissory note, the defendant relied solely on a contention that the plaintiff had waived payment of the note. It appeared that the plaintiff was a holder in due course of the note, which had been given to the payee for an automobile. There was evidence that, in the course of a conversation with the defendant in which the plaintiff was told that the payee had given the plaintiff "the wrong number," the plaintiff said to the defendant, "Well, go ahead and keep on paying him . . . [the payee] just the same. Don't even tell him . . . that you saw me, because it is liable to make him mad and he won't pay me any more"; that, about "that payment, about that car," the plaintiff said, "I won't bother you no more." The defendant made no contention that he kept on paying the payee or that he did not tell the payee that he saw the plaintiff. There was a verdict for the defendant. *Held,* that

(1) There was no element of promissory estoppel in the statement "I won't bother you no more," for the reason, if no other, that the defendant was not induced thereby to act otherwise than he would have acted if the statement had not been made;

(2) There was no evidence that the plaintiff intended by the words "I won't bother you no more" to make an oral gift of the defendant's note to the defendant, or that the defendant understood by those words that such was the purpose of the plaintiff and accepted the gift;

(3) There being no evidence of delivery of the note or of intent to give the note to the defendant, there was in the circumstances no evidence of waiver and the verdict was without warrant;

(4) A verdict for the plaintiff should have been ordered.

An oral gift of a promissory note, like the gift of any personal property which has physical existence, is incomplete and revocable by the donor until there is such delivery of possession as the nature of the property permits.

CONTRACT. Writ in the Third District Court of Bristol dated June 17, 1930.

On removal to the Superior Court, the action was tried before *Walsh*, J. Beside the statements quoted in the opinion from the record before this court, that record stated in substance that the note in suit was given by the defendant to Danisch Motor Sales Co. as payee upon a conditional sale of an automobile; that that company did not deliver to the defendant the automobile described in the conditional sale contract, but delivered another which the owner afterwards took from the defendant. The opinion quotes the entire record as to waiver.

There was a verdict for the defendant and the plaintiff alleged exceptions.

The case was submitted on briefs.

*G. B. Goodman*, for the plaintiff.

*G. H. Young*, for the defendant.

PIERCE, J. This is an action on a promissory note by a holder in due course against the maker of the note. "It was agreed before the trial that the plaintiff was a holder in due course and that the defendant owed the plaintiff the sum of $621 if there was no waiver and that the only issue for the jury to decide was one of waiver, and if there was no waiver the jury should return a verdict for $621." At the close of the evidence the plaintiff duly filed a motion for a directed verdict. The motion was denied and the plaintiff excepted. The jury returned a verdict for the defendant.

The only testimony having any bearing on the question

of waiver is the following, taken verbatim from the transcript of the testimony. It deals with a statement alleged to have been made by the plaintiff to the defendant and is testified to only by the defendant. The plaintiff denied making it. The testimony is that given by the defendant on direct examination: "He (meaning the plaintiff) said, 'I am only going to bother you once more. I want you to show me the registration of this car.' So I pulled out the registration and showed it to him. He said, 'The son of a gun, he (meaning Danisch) is a crook. He (meaning Danisch) gave me the wrong number.' He (meaning plaintiff) said, 'Well, go ahead and keep on paying him (meaning Danisch) just the same. Don't even tell him (meaning Danisch) that you saw me, because it is liable to make him mad and he won't pay me any more.' He (meaning plaintiff) said, 'It is funny business. He (meaning Danisch) pays me $55 a month and you only pay him forty.' He (meaning plaintiff) said, 'Keep on paying him (meaning Danisch). Don't even tell him you have seen me; it is liable to make him mad and he (meaning Danisch) won't pay me any more.'" Following this testimony the defendant was asked immediately by his counsel two questions: (1) "For the purpose of refreshing your recollection, did he say to you that 'I won't bother you any more'?" The defendant answered, "Yes"; (2) "About what?" The defendant answered, "About that payment, about that car. 'I won't bother you no more' he (meaning the plaintiff) said." The jury, by its finding for the defendant upon the issue submitted, must have found that the statement alleged to have been made by the plaintiff was in fact made by him to the defendant. The question for decision here is, assuming the statement was made by the plaintiff to the defendant, Did the statement discharge the defendant from his debt upon the note?

There is nothing of "waiver" on this record. The defendant makes no contention that he kept on paying Danisch nor that he did not tell Danisch that he saw the plaintiff. There is no element of promissory estoppel in the statement "I won't bother you no more," for the rea-

son, if no other, that the defendant was not induced thereby to act otherwise than he would have acted if the statement had not been made. There is no evidence that the plaintiff intended by the words "I won't bother you any more" to make an oral gift of the defendant's note to the defendant, nor that the defendant understood by those words that such was the purpose of the plaintiff and accepted the gift. Indeed, an oral gift of a promissory note, like the gift of any personal property which has physical existence, is incomplete and revocable by the donor until there is such delivery of possession as the nature of the property permits. Here there was no evidence of delivery of the note or of intent to give the note which evidenced the debt of the defendant, due and payable to the plaintiff. *Cardoza* v. *Leveroni*, 233 Mass. 310. *Millett* v. *Temple*, 280 Mass. 543, 549, and cases cited.

On the evidence a verdict should have been directed for the plaintiff in the sum of $621. The plaintiff's exceptions are sustained and judgment is to be entered for the plaintiff in the sum of $621, and interest.

*So ordered.*