MARY E. REARDON, administratrix, *vs.* WALTER L. WHALEN.

Suffolk.   March 5, 1940. — September 12, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Gift. Executor and Administrator,* Distributive share.

No valid gift of the distributive share of a next of kin of an intestate was accomplished by his mere oral statement to the alleged donee that he gave him the share, made and later disavowed before distribution of any part of the share.

PETITION, filed in the Probate Court for the county of Suffolk on May 25, 1939, by the administratrix of the estate of James P. Whalen, late of Boston, for the allowance of her first account.

Item 8 of Schedule B of the account, as amended by a decree entered by *Mahoney, J.,* allowing the account as so modified, was as follows: "Walter L. Whalen on account of distributive share (paid to Mary E. Reardon for Mary E. Reardon, Abbie Reardon and Katherine Reardon by direction of Walter L. Whalen — $2,000."

The respondent appealed.

*A. J. McCarthy,* for the respondent.

*M. J. Robinson, (F. W. Mansfield* with him,) for the petitioner.

QUA, J. The issue in this case is whether the appellant made a valid gift to his three aunts of his undistributed share in the estate of his deceased father.

The evidence, which is reported without subsidiary find-

ings of fact, would justify a finding that on April 12, 1938, the day of the father's funeral, the appellant expressed to his aunts his intent to make to them a then present gift of his share in the estate. So far as spoken words alone will suffice we think that the words used could be found to have been enough. But there was nothing beyond words. There was no delivery of any property or of any document, and there was no symbolic delivery, if such delivery of an undistributed share in the estate of a deceased person is possible. No property the subject of the alleged gift was at that time in the possession of the alleged donees. Later in April one of the aunts was appointed administratrix and did take possession of the estate, but her possession of the entire estate in her capacity as administratrix was not equivalent to possession by her and her two sisters as donees of the undistributed share of one of the next of kin. By about the first of July the appellant had disavowed any gift he may have made and had reasserted his title to his share. None of the alleged donees had then received possession individually of anything attributable to the appellant's distributive share.

The necessity in general, in order to complete a parol gift, of some form of delivery, either of tangible property or of some document of title embodying or representing the property intended to be given, need not be discussed again here. *Millett* v. *Temple,* 280 Mass. 543, 549. *Mulloy* v. *Charlestown Five Cents Savings Bank,* 285 Mass. 101, 105. The question now before us is whether there can be a valid gift by mere word of mouth alone of an undistributed share in the estate of a deceased person which is not embodied in or represented by any document of title or other tangible evidence. An attempted gift of this kind must be held invalid under well established principles, unless the nature of the property and the inherent lack of any representative document, token, or symbol are held to do away with the requirement of delivery or its equivalent.

A share as next of kin in an undistributed estate is property. It is capable of being conveyed by a proper instrument of conveyance. *Security Bank of New York* v. *Callahan,*

220 Mass. 84, 87. *Harrison* v. *Stevens*, 305 Mass. 532, 535. It does not, however, carry with it actual title either in whole or in part to any particular asset of the estate. Title to all the personal assets vests in the administrator upon his appointment and relates back to the death of the former owner. *Lawrence* v. *Wright*, 23 Pick. 128. *Rolfe* v. *Atkinson*, 259 Mass. 76, 77. *Stuck* v. *Schumm*, 290 Mass. 159, 163. The interest of the next of kin in his undistributed share is of the general nature of a chose in action. In *Millett* v. *Temple*, 280 Mass. 543, at pages 549–550 it was said, with the citation of many cases, that a chose in action, including a simple debt, having "no corporeal existence" and no "tangible body," could not be given away effectively "without a deed, the execution of an adequate release or transfer in writing, or the performance of some other act placing the debt beyond the legal control of the creditor," and that "This principle has its roots deep in the common law and comes from early times." That case is, we think, decisive of this one. Other elements which there affected the ultimate decision in favor of a gift are absent here. Such cases as have been found in other jurisdictions involving the gift of a distributive share or of a legacy are in general accord with the theory of the *Millett* case. *Rowland* v. *Phillips*, 13 S. W. 1101 (Ark. 1890). *Daubenspeck* v. *Biggs*, 71 Ind. 255, 259. *Bullock* v. *Tinnen*, 4 N. C. 251. *Cotteen* v. *Missing*, 1 Madd. 176, 183, 184. *Hooper* v. *Goodwin*, 1 Swanst. 485, 490, 491. See cases collected in 48 Am. L. R. 223. In *Esswein* v. *Seigling*, 2 Hill Ch. 600, the executor had taken actual possession individually and severally of the money donated.

The reasons which have led to the requirement of delivery to perfect an oral gift apply to this case. In the absence of a sufficient assignment in writing no effectual gift was completed. The decree must be modified in accordance with this opinion by striking out item 8 of schedule B of the account, by making the resulting change in the total of schedule B, and by corresponding alterations in schedule C, and as so modified is affirmed.

*Ordered accordingly.*