FRANK J. BENOIT *vs.* ROSE BENOIT & others.

Worcester.    September 26, 1944. — October 25, 1944.

Present: FIELD, C.J., QUA, DOLAN, WILKINS, & SPALDING, JJ.

*Gift.*

A letter from one insured under a policy of life insurance to the insurance company in substance stating that he had written out a plan for change of beneficiary but that it had been lost, enclosing a copy of the plan as he remembered it, requesting the company to let him know whether the plan had been received, and stating that he desired the company's "assurance of protection against" a change by some third person in the plan he had sent before the company received it; to which the company replied in substance that it had not received such communication but that if it should be received "your interests will be protected," in the absence of any further communication before the insured's death, was not effectual to give any right to a person named in the copy of plan accompanying the insured's letter, or to alter the rights of the beneficiary previously named.

BILL IN EQUITY, filed in the Superior Court on March 16, 1943.

The case was heard by *Donnelly,* J.

*A. T. Wall,* for the plaintiff, submitted a brief.

*J. A. Crotty,* for the defendants.

SPALDING, J.    This suit in equity was brought for the purpose of establishing the plaintiff's right to a portion of certain funds which Norris J. Benoit (hereinafter called the insured) had left on deposit with The Prudential Insurance

Company of America (hereinafter called the company), one of the defendants. The other defendant is Rose Benoit, the insured's widow, who is sued both individually and as administratrix of his estate. The plaintiff is a brother of the insured. There being no controversy as to the amount that the company [1] was obligated to pay, it paid the money into court and a decree was entered which absolved it from further liability. The trial judge made findings of fact and an order for decree. Thereafter a decree was entered dismissing the bill and ordering the fund paid to the defendant Rose Benoit in her individual capacity. The plaintiff's appeal brings the case here. The evidence is reported.

The findings of the trial judge, which were based almost wholly on undisputed documentary evidence, were amply warranted, if not required. The plaintiff does not contend otherwise; rather it is the legal result reached by the judge that is challenged.

The facts are as follows: The insured had been in the employ of the defendant company for many years and had an intimate knowledge of the life insurance business as conducted by it. At some time prior to July 17, 1937, he had become totally disabled and had retired from business. By reason of his disability, the insured, who was the owner of four policies of insurance (issued by the company) on his life, became entitled under the policies to certain sums payable in monthly instalments. Instead of receiving these payments as they became due, the insured elected to leave them with the company. On July 17, 1937, to carry out this purpose, the insured executed and delivered to the company four separate instruments (one for each policy) in which he requested the company to hold each instalment, as it became due, at such interest as the company might declare on such funds, but not less than three and one half per cent per annum. The insured reserved the right to withdraw the total amount so held at any time, but if it

---

[1] The company filed what is called an "answer in the nature of interpleader" as a result of which the Roman Catholic Bishop of Springfield, a corporation sole, was summoned in as a party defendant. The decree in the court below was not in its favor and it did not appeal. See *Coe* v. *Coe*, 313 Mass. 232, 234.

was not so withdrawn the fund was to be payable on due proof of the insured's death "to the person or persons who at the time of . . . [his] death . . . [should] be named as beneficiary or beneficiaries under said Policy, and in the manner therein provided." The company retained the instalments, as they became due, in accordance with these requests. At the time these instruments were delivered the defendant Rose Benoit was the beneficiary named under each of the policies.

On November 6, 1941, the company received from the insured the following letter:

WORCESTER, MASS.<br>Nov. 4th, 1941

Claim Dept.
Change of Beneficiary

Policies 84792–3–4<br>"   G  1690–C  7492A  B

Mr. E. B. CAMPBELL, *Mgr.*

DEAR SIR:

During the month of May or June last of current year, I wrote out a plan of my intention of changeing of Beneficiary's the same was placed in my desk in my Den. This was signed and ready to forward and I am very sorry to think the said letter was not forwarded. Now I find this letter has been lost or misslaid or taken by some one from my desk. I would appreciate you informing me if such a letter has been received in your Department or Claim Dept.

I am attaching a copy to the best of my memory, and if such has been received please inform me also your assurance of protection against such, as it may be possible the party who has same may make a change in original letter.

I will appericate your reply at an early date.

Very sincerely yours<br>(s)  NORRIS J. BENOIT<br>104 Coolidge Rd.

Attached to this letter was the copy of the "plan" referred to therein, the wording of which is set forth in the footnote. [1]

On November 14, 1941, the company wrote to the insured as follows: "No communication other than your letter of November 4, 1941 has been received by this Department. However, please feel assured that if such a communication of which you inform us, is received, your interests will be protected and we shall immediately write you." After receiving this letter nothing further was done by the insured with respect to the policies or their proceeds. The insured died on February 19, 1942.

The decree of the court below was right. The plaintiff rightly does not argue that he was named as a beneficiary under the policies. The plaintiff's position is that the funds which the company paid into court were not "insurance funds," but were money left with the company similar to a bank deposit which the insured could order paid to anyone he saw fit, and that by an order given to the company he made a valid gift of it to the plaintiff to the extent of $50 a month during his life or until the fund was exhausted.

A complete answer to this contention is that no such order was ever given to the company or to anyone else. The letter and enclosure of November 4, 1941, were not such. The insured merely called the company's attention to the fact that in May or June he had written out a plan of his intention to change the beneficiary but that it had "been lost or misslaid or taken by some one from . . . [his] desk." He then went on to say that he was enclosing a copy of the plan as he remembered it and requested the company to let him know whether it had been received; that he desired the company's "assurance of protection against such, as it may be possible the party who has same may make a

---

[1] "In re Change of Beneficiary Copy  Pay to my wife in event of a claim one hundred fifty dollars per month during her life time, fifty dollars per month to Frank Benoit during his life time at his demise all unpaid installments are to become the property at our Company with one exception. At my demise the Company will pay to the Notre Dame Church to begin at the demise of either myself or my wife on bases of ten dollars for each of us making a total of twenty dollars per month untill funds are exausted. Some change will be made in the payments to Notre Dame Church as I will in the immediate future.  /s/  NORRIS J. BENOIT  104 Coolidge Rd. Worcester, Mass."

change in original letter." This fell far short of anything that could be deemed a gift of the fund or an order to pay it to the plaintiff. No other document purporting to be such an order was ever executed and delivered by the insured. We do not intimate that, if the insured had ever sent to the company a document similar to that enclosed in the letter of November 4, it would have constituted a valid gift of part of the fund to the plaintiff. See Williston on Contracts (Rev. ed.) §§ 438B, 440; Am. Law Inst. Restatement: Contracts, § 158; *Burrows* v. *Burrows*, 240 Mass. 485, 488; *Millett* v. *Temple*, 280 Mass. 543, 549, 550; *Reardon* v. *Whalen*, 306 Mass. 579.

Since the plaintiff never acquired any interest in the fund, the defendant Rose Benoit, who was the beneficiary under the policies at the death of the insured, was entitled to it in accordance with the terms of the contracts with the company.

*Decree affirmed with costs.*

