HUGH H. MONAGHAN, executor, *vs.* EDWIN J. MONAGHAN.

Middlesex.     October 8, 1946. — November 4, 1946.

Present: FIELD, C.J., DOLAN, RONAN, WILKINS, & SPALDING, JJ.

*Gift. Practice, Civil*, Order for judgment, Appeal.

The allowance of a motion for judgment upon the report of an auditor whose findings were final was the equivalent of an order for judgment, and on an appeal from such allowance the case was properly before this court under G. L. (Ter. Ed.) c. 231, § 96.

A completed gift of a savings bank deposit to a brother of the depositor was not effected where the depositor signed an order to the bank to pay the deposit to his brother, stating to a witness that he might not live long and that he wanted his brother to have the money, and placed the order and the deposit book in a safe deposit box to which the depositor and a son of the brother had joint access, but the brother and his son were not informed by the depositor of what he had done and did not learn of it until after the depositor's death a few months later.

CONTRACT. Writ in the Superior Court dated June 18, 1945.

The action was heard by *Cabot*, J., upon an auditor's report.

*W. R. Bigelow*, for the defendant, submitted a brief.

*R. Wait*, for the plaintiff.

DOLAN, J. This is an action of contract to recover the amount of a deposit in the Natick Five Cents Savings Bank which stood in the name of the plaintiff's testator at the time of his death. The case was referred to an auditor, and it was agreed that his findings of fact should be final. Upon consideration of the auditor's report the judge denied the defendant's motion for judgment for him on the auditor's report and allowed the plaintiff's motion for judgment for him, and the defendant appealed. See G. L. (Ter. Ed.) c. 231, § 96. The case is properly before us on the defendant's appeal from the allowance of the plaintiff's motion for judgment in his favor, which was equivalent to an order for judgment for him and decisive of the case. *Lawrence* v. *Old Silver Beach, Inc.* 303 Mass. 377, 378.

Material facts are these: During the summer of 1944, the decedent signed an order to the Natick Five Cents Savings Bank to pay to the defendant or his order the whole amount of deposits and dividends due him "as per Book No. 55215." The order was signed in the decedent's boathouse in Wellesley and was witnessed by one Griffin, to whom the decedent said that he was not very well and might not live long, and that he wanted Ed (the defendant and brother of the decedent) to have "this money." The decedent had a safe deposit box to which he and the defendant's son George had had joint access since September 29, 1932. The defendant had never been authorized to have access to the box. At some time in July or August, 1944, the decedent placed the order and book of deposit in the safe deposit box. He did not inform either George or the defendant of having done so. George did not see the order or the book until October 13, 1944. The decedent had died on October 8, 1944. On October 13, 1944, George went to the safe deposit box to see if he could find a will. He found there the book of deposit and order involved, and handed them to his father, the defendant. On October

19, 1944, the wife of the defendant took the book and order to the savings bank, and had the amount due thereon transferred to a new account in the name of the defendant. Later upon an order of the defendant the account was transferred into a joint account of the defendant and his wife who made withdrawals of $1,500 and $200, leaving a balance of $1,443.15 at the time of the service of the writ in the present action. The defendant had never seen either the deposit book or the order before his son delivered them to him; but in January, 1943, in a conversation with the decedent concerning family illnesses and financial problems, the decedent said in substance, "If anything happens to me, you will find an account made out to you in the Natick Five Cents Savings Bank and I have left a check to you [in the boathouse] for my burial." Based upon the foregoing facts the auditor found in conclusion that the decedent "at the time of signing the order and at the time of placing it with the book in the safe deposit box intended to make a gift of the deposit in the Natick Five Cents Savings Bank to his brother, Edwin J. Monaghan, and in placing the book and order in the safe deposit box intended that it should be in the joint possession of himself and George W. Monaghan during his life and at his death should be in the possession of George W. Monaghan and that George W. Monaghan should thereupon deliver the book and order to Edwin J. Monaghan who would then come into possession and enjoyment of the gift, and that . . . [the decedent] did not thereafter change his intent."

The report of the auditor whose findings of fact were to be final is equivalent to a case stated. *Merrimac Chemical Co.* v. *Moore*, 279 Mass. 147, 152. It was the duty of the judge to order the correct judgment on the facts found by the auditor. *Howland* v. *Stowe*, 290 Mass. 142, 146. *Union Old Lowell National Bank* v. *Paine*, 318 Mass. 313. It is settled that in order to effect a completed gift of personal property, such as in the present case, there must be a settled donative intention on the part of the donor, together with an actual or symbolic delivery of the subject matter of the gift to the donee or to someone in his behalf in such manner

as completely to transfer the dominion and control of it in the lifetime of the donor. *Day* v. *Richards*, 197 Mass. 86, 87. *Robinson* v. *Pero*, 272 Mass. 482, 485. *Millett* v. *Temple*, 280 Mass. 543, 549. *Reardon* v. *Whalen*, 306 Mass. 579, 580. *Rock* v. *Rock*, 309 Mass. 44. The findings of the auditor in the present case require the conclusion that the concurring requisites just set forth were not complied with. It seems obvious upon the facts found that there had been no delivery of the book of deposit and the order involved to the defendant or to anyone in his behalf with authority to deliver them to the defendant in the lifetime of the decedent, that it was the intention of the latter that the book and order should be in the joint possession of himself and George during his, the decedent's, life, and that upon his death George should deliver the book and order to the defendant who would then come into possession and enjoyment of the gift. Manifestly, upon these as well as upon all the subsidiary findings of the auditor and the reasonable inferences therefrom (see *Millett* v. *Temple*, 280 Mass. 543, 549), the proper conclusion is that there was no intention on the part of the decedent to transfer to the defendant the dominion and control of the deposit in question in his, the decedent's, lifetime, and that there was no delivery, actual or symbolic, of the book of deposit and order to the defendant or to anyone in his behalf sufficient to effect a valid gift of the deposit in question.

*Order for judgment for the plaintiff affirmed.*