BENJAMIN T. MURPHY, administrator, *vs.* BRIDGET KILL-MURRAY & another.

Worcester. September 26, 27, 1949. — November 7, 1949.

Present: QUA, C.J., LUMMUS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Probate Court*, Appeal, Report of material facts.

Upon an appeal by a conservator from a decree of a Probate Court that an assignment of a distributive share of an intestate estate, delivered to the administrator thereof and not to the assignee, was valid and that distribution of the estate should be made accordingly, where no finding appeared in a report of material facts by the trial judge as to when the assignee learned of the assignment, as to whether the administrator purported to receive delivery of it for the assignee, as to whether or when the assignee ratified his act in receiving it, or as to whether there was valuable consideration for it, this court under

G. L. (Ter. Ed.) c. 231, § 125A, inserted by St. 1949, c. 171, retained the case and directed the trial judge to make a further report of facts covering such matters, taking further evidence if he should find it necessary.

PETITION, filed in the Probate Court for the county of Worcester on March 10, 1949, for instructions.

The case was heard by *Wahlstrom,* J.

*R. W. Mirick,* for McCarthy, conservator.

*P. V. Rutledge,* for Bridget Killmurray.

LUMMUS, J.    John F. McMahon of Worcester died intestate on May 23, 1945, leaving as his sole heir and next of kin Joseph Killmurray, of Pawtucket, Rhode Island, a man eighty-nine years old.  The petitioner Benjamin T. Murphy, Esquire, was appointed administrator of the McMahon estate.

On September 10, 1945, Joseph Killmurray told the administrator that he wished to assign his interest in the McMahon estate to his wife, the respondent Bridget Killmurray, as he did not wish it to go to his children.  The administrator drew an unsealed assignment of that interest to the wife, and Joseph Killmurray signed it in Worcester. The administrator retained the assignment until May 12, 1948, when he filed it in the registry of probate at Worcester. On May 29, 1946, one Lawrence A. McCarthy was appointed conservator of the property of Joseph Killmurray by a court in Rhode Island, and on April 6, 1949, the same person was appointed temporary conservator of his property by the Probate Court at Worcester.

On March 10, 1949, the administrator brought this petition for instructions as to whether the assignment was valid and whether the estate should be paid over to Bridget Killmurray or to the conservator of her husband.  The judge entered a decree in favor of Bridget Killmurray, and the conservator appealed.

The assignment was described in a petition for distribution filed by the administrator on May 12, 1948, and a copy of it was attached to that petition.  The conservator filed his appearance in the matter of that petition on June 1,

1948. Bridget Killmurray appeared in the matter of the petition for instructions on April 4, 1949, two days before the temporary conservator was appointed in this Commonwealth on April 6, 1949, but did not file her answer claiming the estate until April 7, 1949.

The only question argued is whether the assignment conveyed the title to the estate to Bridget Killmurray. In *Mulloy* v. *Charlestown Five Cents Savings Bank*, 285 Mass. 101, 105, it was said, "Our law is settled that apart from conveyance by deed title to personal property does not pass by gift unless the donor makes an actual or symbolic delivery of the property to the donee." In *Millett* v. *Temple*, 280 Mass. 543, 549, 550, it was said, "It is a settled principle of the common law that title to personal property having physical existence cannot pass by parol gift unless there is such delivery of possession to the donee as the nature of the property permits. . . . The proposition has been stated in substance in numerous decisions in other jurisdictions and by text writers that a gift of a chose in action not having such tangible body as to be chattel property, including a gift of a simple debt, cannot be made effective without a deed, the execution of an adequate release or transfer in writing, or the performance of some other act placing the debt beyond the legal control of the creditor." These propositions have been held to apply to an assignment of a distributive share in an estate. *Reardon* v. *Whalen*, 306 Mass. 579. See also *Monaghan* v. *Monaghan*, 320 Mass. 367. Even where an assignment is under seal there must be delivery of the sealed instrument. *Silbert* v. *Equitable Life Assurance Society*, 314 Mass. 406. Where a depositary holds the assignment for the donor, and not for the donee, there is no delivery. *Duryea* v. *Harvey*, 183 Mass. 429. *Stratton* v. *Athol Savings Bank*, 213 Mass. 46. *Smith* v. *Thayer*, 234 Mass. 214, 217.

It appears to us that the facts stated in the report of the judge form an inadequate basis for a decree. There is no finding as to when Bridget Killmurray learned of the assignment, or as to whether the administrator purported to

receive delivery of it for her, or as to whether or when she ratified his act in receiving it, or as to whether there was valuable consideration for it. By G. L. (Ter. Ed.) c. 231, § 125A, inserted by St. 1949, c. 171, it is provided that "Upon appeal in any case, in equity or probate, where the evidence is not reported, the full court, if of opinion that a report of material facts . . . is not sufficient to enable the court properly to adjudicate the subject matter involved, may in its discretion . . . direct the justice, or judge, to make such further report of facts as the full court shall deem necessary." We therefore retain the case and direct the judge to make a further report of facts, covering the matters above enumerated, taking further evidence if he finds it necessary.

*So ordered.*