BENJAMIN T. MURPHY, administrator, *vs.* BRIDGET KILLMURRAY & another.

Worcester. December 27, 1949. — February 2, 1950.

Present: QUA, C.J., LUMMUS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Gift. Assignment. Executor and Administrator*, Distributive share.

An assignment of a distributive share of an intestate estate from a husband to his wife was delivered to the wife and was valid where it appeared that the husband executed the assignment and handed it to the administrator of the estate to keep for the wife, that subsequently the administrator in the presence of the wife handed the assignment to the husband, who handed it to his wife, that she thereupon handed it back to the administrator and asked him to keep it for her, and that the administrator thereafter held the assignment as her agent until he later filed it in the Probate Court.

PETITION for instructions, filed in the Probate Court for the county of Worcester on March 10, 1949, by the ad-

ministrator of the estate of John F. McMahon, late of Worcester, who died intestate on May 23, 1945.

Upon an appeal from a decree by *Wahlstrom*, J., with a report of material facts, this court under G. L. (Ter. Ed.) c. 231, § 125A, inserted by St. 1949, c. 171, retained the case and directed the judge to make a further report of facts (324 Mass. 707). Such further report was made by him.

*R. W. Mirick,* for McCarthy, conservator.

*P. V. Rutledge,* for Bridget Killmurray.

LUMMUS, J. When this case was here before (*Murphy* v. *Killmurray*, 324 Mass. 707) we directed the judge of the Probate Court to make a further report of facts, which he has now done. The question is whether Joseph Killmurray, the only person interested in the estate of John F. McMahon of Worcester, made a valid assignment of his interest to his wife Bridget Killmurray. The facts now found are as follows. On September 10, 1945, Joseph Killmurray at Worcester told Mr. Murphy, the administrator of the McMahon estate, that he wished to transfer his interest in that estate to his wife Bridget Killmurray, and directed Mr. Murphy to draw the necessary instrument. Mr. Murphy drew an assignment accordingly, which Killmurray executed. Mr. Murphy handed the assignment to Killmurray who gave it back to Mr. Murphy, saying "My wife wants you to keep it for her." Mr. Murphy said he would hold it for safe keeping and would see the Killmurrays at their home in Rhode Island in a few weeks.

About two weeks later Mr. Murphy went to Rhode Island and saw the Killmurrays. He read the assignment to them and then handed it to Killmurray, who handed it to his wife Bridget. She handed it back to Mr. Murphy and asked him to keep it for her. Mr. Murphy then took the assignment back to Worcester and kept it until he filed it in the Probate Court there. The judge found that Mr. Murphy held the assignment as agent for Bridget Killmurray, that there was a valid delivery of it to her, and a delivery of it by her to Mr. Murphy with instructions to hold it for her.

The findings of the judge show that there was a valid

delivery of the assignment. *Mulloy* v. *Charlestown Five Cents Savings Bank,* 285 Mass. 101, 105. *Millett* v. *Temple,* 280 Mass. 543, 549, 550. *Reardon* v. *Whalen,* 306 Mass. 579, 580. The fact that the parties to the gift were husband and wife constitutes no objection to its validity. By G. L. (Ter. Ed.) c. 209, § 3, "Gifts of personal property . . . between husband and wife, shall be valid to the same extent as if they were sole." The decree adjudging the assignment valid was right.

*Decree affirmed.*