## RESCRIPTS WITHOUT OPINIONS.

Pursuant to the requirements of G. L. c. 211, § 9, the Reporter publishes the following:

HENRY I. MORRISON, administrator, *vs.* PETER P. MINUTILLI & another. October 31, 1958. Decree affirmed. The administrator of the estate of one Gerbasi asked the Probate Court to determine the ownership of twenty shares of the capital stock of Lucky Star Cafe of Revere, Inc., standing in the names of the respondents Minutilli and Carmello. The evidence is not reported. The probate judge reported the following material facts. Gerbasi prior to 1942 carried on as sole proprietor a tavern business. On April 21, 1942, the business was incorporated. Thirty shares of stock were issued to Gerbasi. Stock certificates, in the name of Carmello for five shares and in the name of Minutilli for fifteen shares, were signed by Gerbasi, as president and treasurer. Neither Carmello nor Minutilli paid anything for these shares, or was aware that the certificates existed until after Gerbasi had died. The only consideration for any shares shown to have been paid to the corporation was Gerbasi's transfer to it of the assets of the tavern business to pay for his own shares. The certificates were kept by Gerbasi's attorney until 1955 when they, in a single envelope, were handed by Gerbasi, then in poor health, to Carmello to put in a safe deposit box, rented by Gerbasi, to which Gerbasi and Carmello had access. No other visit to this box was made by Carmello and none of Carmello's property was ever kept there. The management of the business and its financial control remained in Gerbasi after the incorporation, although Minutilli and Carmello were corporate directors and continued to be paid weekly wages as employees of the tavern. The facts reported by the judge were sufficient to overcome any inferences either that the respondents had some interest in the certificates by reason of G. L. c. 155, § 44, or of any failure of the corporation to comply with the provisions of G. L. c. 156, relating to the original issue of, and payment for, corporate stock. The facts found would have justified the judge in concluding that neither respondent ever had any beneficial interest in the business or in the stock certificates, if, indeed, the certificates were ever issued at all. The facts reported justify, and are consistent with, the final decree that Minutilli and Carmello were not the owners, by gift, purchase, or otherwise, of the shares standing in their respective names and that they must deliver the certificates to the administrator. The probate judge was not bound to modify his report of material facts at Minutilli's request. *Fields* v. *Paraskis*, 318 Mass. 726, 727–728. *Adams* v. *Adams*, 331 Mass. 354, 358.

*William B. Baker*, (*Alphonse Sancinito* with him,) for the respondents.
*Lewis G. Pollock*, for the petitioner.
*Harry J. Williams*, by leave of court, submitted a brief as amicus curiae.