ARNOLD L. SILVERMAN vs. A. AND L. HEEL CORPORATION
& another.

Middlesex. March 10, 1967. — July 6, 1967.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, SPIEGEL, & REARDON, JJ.

*Gift. Personal Property,* Ownership.

Evidence of the circumstances in which the sole owner of a corporation caused the formation of a second, supplementary, corporation, with himself and his son-in-law as officers, and paid for all the shares issued in the second corporation, some to himself and some to his son-in-law, stock certificates for which, after being signed by both men as officers, were placed and remained in the father-in-law's safe, did not show to be plainly wrong a finding that the father-in-law did not intend to make a gift to the son-in-law of the shares issued in the latter's name, and did not show a delivery of such shares to him; and a conclusion was required that there was not a gift of such shares to him by the father-in-law.

BILL IN EQUITY filed in the Superior Court on January 20, 1965.

The plaintiff appealed from a final decree dismissing the bill entered after hearing by *Kalus,* J.

*Jerome D. Goodman* for the plaintiff.
*William Coniaris* for the defendants.

REARDON, J. This is a bill in equity to determine the ownership of shares of stock in a corporation. The evidence is reported. We summarize the judge's report of the material facts found by him pursuant to G. L. c. 214, § 23. The plaintiff Arnold L. Silverman married the defendant Arnold Bacon's daughter in September, 1951, and shortly thereafter became employed in his father-in-law's business. Bacon had for many years prior to the marriage of his daughter been engaged in the manufacture and sale of wood heels, operating as sole owner of a corporation known as United Heel Corporation (United). In 1952, because of increased production requirements, Bacon decided to form another corporation to supplement the operations

of United. He discussed these plans with the plaintiff. Sometime thereafter, Bacon caused the corporation to be formed under the name A. and L. Heel Corporation (Corporation) with Bacon, Silverman, and another as incorporators. Silverman was elected president and Bacon treasurer of the new corporation. The Corporation issued 100 shares of no par stock, fifty-one to Bacon and forty-nine to Silverman. Two stock certificates for these shares were prepared and delivered to Bacon's office at United. The certificates, after Bacon and Silverman signed them in their respective capacities as officers of the Corporation, were placed in Bacon's safe and have remained there since. Bacon later furnished payment of $1,500 for the 100 shares. The plaintiff continued in the records of the Corporation as president, director, and stockholder from 1952 until 1964 and received a "substantial" salary. During these years the plaintiff neither saw nor made any mention of the certificate of shares standing in his name. He left Bacon's employ in 1964 following his divorce from Bacon's daughter. He then made demand on Bacon for his certificate of shares of stock in the Corporation. The present suit was instituted when his request went unheeded. A final decree was entered dismissing the plaintiff's bill from which he appeals.

In order to recover, the plaintiff must demonstrate that he acquired the shares standing in his name either by gift or purchase, or by furnishing other consideration. It is undisputed that Bacon paid the entire money consideration for all the shares issued by the Corporation, including those issued to the plaintiff. There is no evidence that either party expected it to be otherwise. Bacon exclusively managed the business and financial affairs of the Corporation and for such services he received no compensation from the Corporation. Although the plaintiff was president and a director of the Corporation, he performed few, if any, services of value in its behalf, for which he was more than adequately compensated. The plaintiff makes ambiguous claims that consideration for the shares somehow arose out

of his business relationship with his father-in-law. The utter lack of substance in these allegations only reinforces the conclusion that if the plaintiff is to prevail he must show that Bacon made a gift of the shares to him.

We first deal with and reject the plaintiff's assertion that Bacon's actions in forming and operating the Corporation with the plaintiff as president and holder of forty-nine shares of stock constitute by themselves a gift or estop Bacon from denying the plaintiff's title to the shares. See *Morrison* v. *Minutilli,* 338 Mass. 784; Annotation, 23 A. L. R. 2d 1171, 1188. See also *Gowell* v. *Twitchell,* 306 Mass. 482, where it was held that stock, although transferred and placed in the name of the transferee, did not constitute a gift in the absence of donative intent.

The plaintiff, therefore, must be held to long established standards to determine whether he was the recipient of a completed gift. That is, he must demonstrate a settled donative intent on the part of the donor, together with an actual or symbolic delivery of the subject matter of the gift to him or to someone in his behalf in such manner as completely to transfer the dominion and control of it. *Monaghan* v. *Monaghan,* 320 Mass. 367, 369–370, and cases cited. *Kobrosky* v. *Crystal,* 332 Mass. 452, 460. See *Mangan* v. *Howard,* 238 Mass. 1, 5; *Millett* v. *Temple,* 280 Mass. 543, 549; *Gowell* v. *Twitchell,* 306 Mass. 482, 487.

As to the requisite donative intent, the testimony of the parties is in sharp conflict. Silverman testified that in several discussions prior to the incorporation Bacon told the plaintiff that he wanted to give him "part of the business," and that the proposed corporation would be a "50–50 setup." Bacon testified that the Corporation was set up solely for business reasons associated with United, that he needed others as incorporators and officers, and that the plaintiff was a logical choice but he never intended to part with any of the ownership of the Corporation. The finding of the trial judge that Bacon never intended to make a gift of the forty-nine shares to Silverman was made upon conflicting evidence and we cannot say it was clearly wrong.

See *Powell* v. *Powell,* 260 Mass. 505, 508, and cases cited; *Willett* v. *Willett,* 333 Mass. 323, 324; *Zelman* v. *Killion,* 337 Mass. 666, 669; *Linse* v. *O'Meara,* 338 Mass. 338, 345.

Nor was there a delivery adequate to pass title to the alleged donee. On the testimony most favorable to the plaintiff, his own, the two stock certificates arrived in the mail at United at a time when Bacon was away. Silverman informed Bacon of the arrival of the certificates upon his return and asked him what he wanted to do with them. Bacon allegedly responded, "We will put them in my safe for safekeeping." This was done after Silverman and Bacon signed them as officers of the Corporation. Silverman never saw the certificates again and no mention was made of them by either party until after Silverman terminated his business relationship with Bacon. The circumstances of the delivery of the certificates to Bacon's office and their subsequent placement in his safe display an absence of the completely executed delivery and transfer essential to a valid gift. *Simpkins* v. *Old Colony Trust Co.* 254 Mass. 576, 581. *Iantosca* v. *Iantosca,* 324 Mass. 316, 321. The only instances in which the plaintiff had possession of the certificate standing in his name were immediately upon its arrival by mail at United and when he signed it as president of the Corporation before it was placed in Bacon's safe. There is no showing that his possession of the certificate at these times was accompanied by any transfer of title to him or dominion over the certificate by him.

We agree with the plaintiff that the placing of the certificate in Bacon's safe is not necessarily inconsistent with the finding of a perfected gift. It is some evidence, however, that Bacon intended to retain control over the certificate, thus negating any idea of an irrevocable gift. See *Murphy* v. *Smith,* 291 Mass. 93. Since a "gift is not consummate until put beyond recall," *Commissioner of Corps. & Taxn.* v. *Ayer,* 323 Mass. 579, 583, the judge could find that there was no gift to the plaintiff of the shares of stock represented by the certificate. *Millett* v. *Temple,* 280 Mass. 543,

549. *Reardon* v. *Whalen*, 306 Mass. 579, 580. *Benoit* v. *Benoit*, 317 Mass. 181, 185. *Monaghan* v. *Monaghan*, 320 Mass. 367, 369–370. *Keegan* v. *Norton*, 322 Mass. 158, 160.

We are thus of the opinion that the plaintiff is not entitled to recover the certificate for the forty-nine shares of the Corporation standing in his name.

*Decree affirmed.*