HENRY WOODHOUSE, Individually and as Literary Executor of ALICE H. BARTLETT, Deceased, Plaintiff, v. LOUIS COHEN et al., Doing Business as Copartners under the Name of SWANN AUCTION GALLERIES, Defendants.

Supreme Court, Special Term, New York County, November 20, 1950.

*Solinger & Solinger* for defendants.

*Henry Woodhouse,* plaintiff in person.

EDER, J. Motion to dismiss complaint for legal insufficiency. Five causes of action are set forth. The complaint is a most inartistic pleading and a mere perusal thereof discloses that it violates every rule of pleading.

The litigation stems from purchases from defendants of certain books and prints sold to plaintiff at public auction. There was part payment and notes given for the balance, two promissory notes, which went unpaid and suit thereon has been brought in the City Court. Plaintiff sues individually and as "Literary Executor" of the estate of Alice Hunt Bartlett, deceased.

Throughout all five causes of action it is alleged that the books and prints were bought " for the account of the Literary Estate of Alice Hunt Bartlett, Deceased", so that it is clear that the purchases were not made for the plaintiff individually. Therefore, plaintiff individually has no cause of action against the defendants, assuming each cause of action was properly alleged and sufficient as a pleading; he has not shown a right to recover any damage in his individual capacity. This is true of the five causes of action. In addition as to the second cause of action there is no allegation of performance by him; the third cause of action is merely a repetition of the first and second causes of action. The fourth cause of action is apparently one in conversion; plaintiff individually has no standing, it being alleged the books and prints were bought for the account of the estate and any cause of action would belong to it. The fifth cause of action is also difficult of comprehension. It alleges the action is on the notes given on the purchases made; just how this gives rise to a cause of action is not understandable nor explained.

As to plaintiff suing in the capacity of a " Literary Executor ", there is no such entity in the law. A person may be

designated executor solely for the purpose of administering literary property. Plaintiff does not allege that he was appointed executor, nor does he allege he was appointed " literary executor " by the Surrogate's Court in which decedent's will was probated; and it is stated, and not denied, that he was not appointed. His complaint, therefore, as literary executor, is throughout defective and must fail in behalf of the estate.

Since, from any aspect, as viewed by the court, plaintiff has no cause of action, individually, and as well as in the representative capacity in which he sues, the motion is granted and the complaint is dismissed as to each cause of action, without leave granted to serve an amended complaint.

Settle order.