SARA B. JOHNSON, Plaintiff, *v.* DANIEL ZIMMERMAN et al., Defendants.

Municipal Court of the City of New York, Borough of The Bronx, February 20, 1951.

*George Feinberg* for plaintiff.

*Daniel Zimmerman* and *Lester Liebenthal,* defendants in person.

FRANK, J. The facts in this case are not in dispute. The plaintiff seeks to recover a sum of money paid by her deceased sister, Andrena Black, on account, for the purchase of certain furniture. Andrena Black died on September 10, 1950, after having made these payments at the rate of $7 per week. The testimony indicates that the deceased left no husband or child surviving her and no administrator of her estate has been appointed. The plaintiff's position is that she is the sole survivor entitled to the assets of her sister's estate. It is further urged that the issuance to her of a tax waiver by the New York State Department of Taxation and Finance is a sufficient prerequisite for the maintenance of the action in her individual name and not in a representative capacity.

While the defendants claim that some expense was incurred in the handling of the account and that in no event could there be a full recovery, no acceptable proof of such loss was established in order to reduce the amount claimed. The defense to the action is principally predicated upon the contention that the plaintiff cannot maintain this action in her individual capacity.

Section 202 of the Surrogate's Court Act specifically enumerates " what shall be deemed assets " of a decedent to go to the executor or administrator and to be applied and distributed as part of the personal property of a testator or intestate. Subdivision 8 of this section includes debts due a decedent, money and " things in action." The claim here is a chose in action and this is included, by virtue of the statute, as an asset of the estate (*Matter of Johnsons,* 124 Misc. 498; *Matter of Caputo,* 142 Misc. 716).

The only statutory provision exempting this claim as an asset of the estate of a decedent which research has disclosed is set forth in section 200 of the Surrogate's Court Act. It does not, however, apply to this plaintiff for the exemption

only operates in favor of "a widow or husband, or minor child or children".

It thus appears that if there be any right of recovery against the defendants, such right is an asset of the estate of the deceased and an action thereon may only be maintained by the duly authorized representative of that estate, i.e., the executor or administrator. Mere blood relationship gives no rise to the assumption by one member of a family to a cause of action which may exist in another member of that family. The attempt here to recover damages, if successful, would nullify all statutory and decisional law upon which the distribution of the property of a deceased person is based. The plaintiff asserts that she is the sole survivor and that there are no creditors of the estate. This would be small comfort to the defendants if after paying such a claim, someone were appointed to administer the estate and commenced an action or proceeding to recover on it. Courts of law have no jurisdiction to determine the respective rights of those concerned with the assets of a decedent except in those special situations for which legislation has been provided.

The issuance of a tax waiver is no aid to the plaintiff. The tax waiver merely protects those who hold assets of an estate from liability for decedent estate taxes pursuant to section 249 *et seq.* of the Tax Law. As stated by Dodge and Sullivan in Estate Administration and Accounting (p. 179): "The bank, in making payments of the funds of the deceased, should exercise great care in order that it may not be compelled to pay the amount twice, i.e., it should not pay to any person who is not authorized by the proper jurisdiction to receive such money on behalf of the estate of the deceased."

Mr. Justice EDER has aptly stated the proposition in a somewhat analogous situation in the case of *Woodhouse* v. *Cohen* (198 Misc. 1000, 1001–1002): "so that it is clear that the purchases were not made for the plaintiff individually. Therefore, plaintiff individually has no cause of action against the defendants, assuming each cause of action was properly alleged and sufficient as a pleading; he has not shown a right to recover any damage in his individual capacity. * * * As to plaintiff suing in the capacity of a 'literary executor', there is no such entity in the law. * * * Plaintiff does not allege that he was appointed executor, nor does he allege he was appointed 'literary executor' by the Surrogate's Court in which decedent's will was probated; and it is stated, and not denied, that he was not appointed. His complaint, therefore, as literary executor, is throughout defective and must fail in behalf of the estate."

Judgment must therefore be entered for the defendants.