In re ESTATE OF WREEDE.

. (No. 197—Decided June 11, 1958.)

*Mr. John Marsh, Jr.,* for appellant, executor.
*Mr. John Shenk,* for appellees, exceptors.

GUERNSEY, J. This appeal is on questions of law from a judgment of the Probate Court sustaining exceptions to an inventory filed in the estate of Sophia Wreede, deceased. The exceptions were filed by Albert Wreede, Olga Kloeppel and Richard Wreede, heirs at law of the decedent, who excepted to the inclusion in the inventory of the item, ''Year's allowance as due from the estate of Henry Wreede, deceased,'' of the probably collectible sum of $2,500. The exceptions were tried to the court upon an agreed statement of facts which included the wills of Sophia Wreede and Henry Wreede as exhibits thereto, and which disclosed the following pertinent facts:

1. Henry Wreede died testate in 1942 leaving a widow, Sophia Wreede, and five children, Walter Wreede, Albert Wreede, Roy Wreede, Olga Kloeppel and Richard Wreede.

2. He devised all his real property to his widow for life and provided that at her death his executors should convert same to money to be distributed to his five children in equal shares.

3. His widow and son Walter were appointed as coexecutors, and on November 3, 1942, filed an inventory of the assets of his estate consisting only of a farm and personal property.

4. The appraisers set off and allowed to the decedent's widow a year's allowance of $2,500 for her support and further certified that there was not sufficient personal property of a suitable kind to pay the same, and, in fact, after the payment of other debts, there was no personal property in said estate available for payment of said allowance.

5. Sophia took possession of the farm on Henry's death in August 1942, as a life tenant, and continued in possession until her death on August 23, 1957, receiving the rents and profits therefrom and fulfilling her obligations as a life tenant.

6. The farm is now (November 30, 1957) in the process of being sold "in accordance with the terms of the will of said Henry Wreede, deceased, to which reference is made." The will provides for the payment of debts and funeral expenses before any legacies or devises, and further provides that in the event of the death of one of the coexecutors the survivor shall act as sole executor.

7. The will of Sophia Wreede, after the payment of debts, gives the sum of $1 to her son Albert Wreede, the sum of $1 to her daughter Olga Kloeppel, and the residue of her estate to her son Walter C. Wreede.

After hearing, the Probate Court sustained the exceptions. The entry of the court does not set forth the reason for its ruling but the court's opinion, filed in the case, indicates the court's conclusion that the "$2,500 was a valid debt, but it arose and became a chose in action no later than the time of the approval of the Probate Court, and is now effectively barred from enforcement by the statute of limitations (R. C. Sec. 2305.07)."

Although no bill of exceptions has been filed in this court,

there has been no objection thereto, and the briefs of the parties each fully state facts consistent with the agreed statement and the transcript of the original papers. This court will therefore consider this appeal as submitted on such facts.

Appellant, Walter Wreede, as executor of the estate of Sophia Wreede and individually, claims the trial court erred (1) in sustaining the exceptions, (2) in ruling that the statute of limitations has run against the right of the executor to enforce payment of the year's allowance, and (3) in decreeing that, since fifteen years have passed since the year's allowance was made, the same cannot now be paid to the estate of Sophia Wreede, deceased. We will consider these assignments of error together.

It is not disputed by the parties, and it has been established by the Supreme Court of Ohio, that the right of a widow to a year's allowance from the estate of her husband vests immediately upon his death, becomes a preferred and secured debt of his estate, and, when it has not been paid to the widow during her lifetime, such allowance or any unpaid balance thereof normally survives as an asset of her estate. *In re Estate of Croke,* 155 Ohio St., 434, 99 N. E. (2d), 483, and authorities therein cited.

The question then before this court is whether the Probate Court, upon exceptions being filed to the inclusion of such debt as an asset in the inventory of the widow's estate, has the right and jurisdiction to determine whether such debt is collectible from the estate of the deceased husband, and, upon determining same uncollectible, to sustain the exceptions?

We note the following portions of the Revised Code pertinent to such question:

Section 2115.02. " * * * every executor or administrator shall make and return on oath into court a true inventory of * * * the chattels, moneys, rights, and credits of the deceased which are to be administered and which have come to his possession or knowledge. * * *"

Section 2115.09. " * * * Such inventory must contain a statement of all debts and accounts belonging to the deceased which are known to such executor or administrator and specify the name of the debtor, the date, the balance or thing due, *and*

*the value or sum which can be collected thereon, in the judgment of the appraisers. * * *''* (Emphasis added.)

Section 2115.16. ''Upon the filing of the inventory * * * the Probate Court shall forthwith set a day * * * for hearing on the inventory and shall give * * * notice of the hearing to the executor or administrator and to such of the following as are known to be residents of the state and whose place of residence is known:

''(A) Surviving spouse;

''(B) Next of kin;

''(C) Beneficiaries under the will;

''(D) The attorneys, if known, representing any of the aforementioned persons.

''* * * Exceptions to the inventory * * * may be filed at any time prior to five days before the date set for the hearing * * * by any person interested in the estate or in any of the property included in the inventory * * *. When exceptions are filed notice thereof and time of hearing thereon shall forthwith be given to the executor or administrator and his attorney * * *. At the hearing the executor or administrator and any witness may be examined under oath. The court must enter its finding on the journal and tax the costs as may be equitable.''

Before proceeding further, we wish to note and emphasize that notice of the exceptions and the time of hearing thereon was not required to be given, nor was it given, to the surviving executor of the estate of Henry Wreede, or to Roy Wreede (who may be deceased), a legatee equally interested with the exceptors under the estate of Henry Wreede, or his successors in interest. We also observe that no question is raised as to the title of the decedent and her estate to the claim against the estate of her husband, the only assertion made by the exceptors being that the claim was not collectible. It appears further that the exceptors neither have nor claim any direct interest in the chose in action listed in the inventory, and their only common pecuniary interest is that as legatees of shares in the proceeds of the sale of real estate as provided in the will of Henry Wreede, subject to whatever diminishment of such proceeds as may occur by the satisfaction of debts of his estate. Two of the three exceptors are legatees under the will of Sophia Wreede while the third is not mentioned therein.

Judge Williams said in the case of *Bolles* v. *Toledo Trust Co., Exr.,* 136 Ohio St., 517, at page 521, 27 N. E. (2d), 145:

"Plaintiff insists, however, that a case on exceptions to an inventory is a special statutory proceeding at law and only questions of legal title may be considered. This view is not broad enough. * * * the Probate Court is vested with full power to determine what property is lawfully included in an inventory as assets and as incidental thereto has jurisdiction to inquire whether inventoried personal property belongs to an exceptor as the beneficiary of a trust. Under Section 10501-53, General Code [now Section 2101.24, Revised Code], the Probate Court has 'plenary power at law and in equity fully to dispose of any matter *properly before the court,'* unless otherwise provided by statute. Compare *Goodrich, Admr.,* v. *Anderson, ante,* 509." (Emphasis added.)

An examination of the syllabus of that case indicates that this statement was not necessarily decisive, as the law of the case therein expressed pertained to the issue whether an earlier judgment was *res judicata.*

Moreover, in the *Goodrich case* (136 Ohio St., 509), decided the same day as the *Bolles case* and therein cited, the Supreme Court held:

"1. The purpose of Sections 10506-67 to 10506-77, inclusive, General Code, relating to proceedings to discover concealed or embezzled assets of an estate, *is not to furnish a substitute for a civil action to recover judgment for money owing to an administrator or executor.* * * *" (Emphasis added.)

In its opinion, at page 511, the court said:

"While the authority of the court under such a proceeding is very broad for the purpose of discovering concealed or embezzled assets, it is not broad enough to litigate all the issues in the instant case, where the ultimate objective is a money judgment and where there has been no concealment of assets. To that extent there is a limitation upon the 'plenary power' granted to Probate Court in the last paragraph of Section 10501-53, General Code."

In the case of *In re Estate of Gottwald,* 164 Ohio St., 405, 131 N. E. (2d), 586, the Supreme Court likewise recognized that there were limitations on the exercise of plenary power with respect to exceptions to inventories, and unanimously held:

"1. The hearing of exceptions to an inventory under Section 2115.16, Revised Code, is a summary proceeding conducted by the Probate Court to determine whether those charged with the responsibility therefor have included in a decedent's estate more or less than such decedent owned at the time of his death.

"2. Incidental to such hearing, the Probate Court can determine title to personal property included in such inventory, but it is a matter of discretion whether such summary proceeding shall be employed or the exceptor ordered to pursue other remedies."

To demonstrate the reasoning of the court in arriving at these conclusions, we quote at length from Judge Bell's opinion, concurred in by the other members of the court, starting at page 409:

"Do the facts in this case, however, bring it under the rule of the *Bolles case?* In determining that question, it is necessary to examine the procedure provided in Section 2115.16, Revised Code.

"That section provides that upon the filing of exceptions the executor or administrator shall be notified thereof and a hearing shall be conducted at which the executor or administrator and any witness may be examined, and that the finding of the court shall be entered on the journal. There is no provision in the statute for pleadings as they are known in the ordinary civil action, and there is no provision for the summoning of witnesses or additional parties, which might be necessary for a complete determination of the rights of the parties. The statute provides for a summary proceeding, as a part of the Probate Court's overall supervision of a decedent's estate, to determine whether those charged with the responsibility therefor have included in the decedent's estate more or less than he owned at the time of his death.

"The exceptor herein seeks only the delivery to her of 100 shares of stock. Were these shares in the possession of the executors, the Probate Court could have summarily ordered them delivered to exceptor upon its finding that she is the owner thereof. * * * All that the decedent owned, so far as these stocks were concerned, was a chose in action and that chose only was listed in the inventory. * * *

"The ultimate determination of the rights of the exceptor involves the questions of title to the stocks, the redemption of the equity in the margin account and the subsequent transfer of legal title to the stock to the rightful owners. These questions obviously can not be determined without the brokerage firm being a party to a proceeding for such determination. In such a situation, the summary procedure under Section 2115.16 is at least inappropriate if not inadequate.

"Courts generally have frowned upon the exercise of summary jurisdiction. * * *

"* * * *

"The Probate Court was of the opinion that in the circumstances of this case the summary procedure would not give the litigants an opportunity to present fully their respective sides of the controversy. With that conclusion we agree. A court ought not to be compelled to exercise summary jurisdiction where full and complete relief can be granted only in a plenary action.

"* * * *

"The exceptor herein did not file a petition for an accounting or to impress a trust on the margin account. By filing exceptions to the inventory she did not submit herself to the jurisdiction of the Probate Court to compel her to account to the decedent's estate. *And the executors were in court only on exceptions to the inventory; they were not in court on any unasserted claim for an accounting.*" (Emphasis added.)

In the case before us the only thing "properly before the court," with reference to which the Probate Court could exercise its plenary powers, was the question whether the inclusion in the inventory of the "year's allowance as due from the estate of Henry Wreede, deceased," was the inclusion of more than the decedent, Sophia Wreede, owned at the time of her death. As was said by Judge Bell in the *Gottwald case*, all that the decedent owned, so far as the year's allowance was concerned, was a chose in action and that chose only was listed in the inventory. The exceptors had no title to such chose in action nor did they have title to the real estate, or any part thereof, which might be sold to pay the year's allowance. No claim was made that decedent did not have title to the chose in action, the claim by the

exceptors merely being that the statute of limitations made same uncollectible. Such chose in action was one against the estate of Henry Wreede, subject only to such defenses as might be made by the executor of his estate. The executor of the estate of Henry Wreede was neither a party to the summary proceedings on the exceptions to the inventory in the estate of Sophia Wreede, nor was there any assurance that, if a party, he could or would successfully assert the defense that the statute of limitations had run against the chose in action.

By filing exceptions to the inventory the exceptors could not submit themselves to the jurisdiction of the Probate Court except to determine whether the chose in action was one belonging to Sophia Wreede and therefore properly includible in the inventory of her estate. They were not in that court for the purpose of having it determined whether such chose in action was collectible any more than they could have been to determine whether or not a chose in action the decedent may have had on a tort claim would be collectible. And the executor of the estate of Sophia Wreede was in court only on the exceptions to the inventory; he was not in court on an issue which could not then be made and was not then made by the executor of the estate of Henry Wreede, who was not before the court.

By allowing the exceptions the Probate Court would effectively prevent the executor of the estate of Sophia Wreede from in any way attempting to enforce the chose in action and would do so in face of the fact that a proper defense to same was not, and might never successfully be, asserted.

The fact that the Legislature, by Section 2115.09 of the Revised Code, has left the value or sum to be specified in the inventory which can be collected on a debt or account belonging to the deceased entirely to the judgment of the appraisers is further support for the conclusion that a Probate Court does not have plenary power to determine the collectibility of a debt belonging to the decedent on a summary hearing on exceptions to the inclusion of the debt in the inventory.

It is our conclusion that where title is not in issue a Probate Court does not have any power or jurisdiction, even discretionary, in a summary hearing on exceptions filed to the inclusion of a chose in action in the inventory of a decedent's estate, to

determine that said chose in action can not be enforced and is uncollectible by reason of the running of the statute of limitations, which defense could be asserted only by a person, not then before the Probate Court, in a plenary proceeding in which such person is properly made a party. In sustaining exceptions on such grounds the Probate Court exceeded its jurisdiction of the subject matter and committed error prejudicial to the executor of the estate, in the particulars assigned.

For such error the judgment of the Probate Court is reversed and this cause is remanded thereto with instructions to that court to overrule the exceptions and proceed further according to law.

*Judgment reversed.*

MIDDLETON, P. J., and YOUNGER, J., concur.