IN RE ESTATE OF BERMAN : BERMAN ET AL., APPELLANTS. *v.*
FRIEDMAN, APPELLEE.

(No. 5683—Decided February 11, 1963.)

*Messrs. Shawaker & Smith,* for appellants.
*Messrs. Boggs, Boggs & Boggs,* for appellee.

FESS, J. This is an appeal on questions of law from the judgment of the Probate Court allowing exceptions to the in-

ventory filed in the administration proceedings and ordering the executor to correct and amend schedule (C) of his inventory by listing a certain $10,000 cognovit note dated June 28, 1946, of Miriam and Donald Berman at a value of $10,000.

Under schedule (C) of the inventory the note in question is listed as follows:

"$10,000 cognovit note June 28, 1946—Miriam Berman and Donald H. Berman—no interest (outlawed)."

Opposite said note in the column headed "Sum probably collectible" is the word "non."

Thereafter appellee, one of the heirs-at-law and a legatee, filed her exceptions to the inventory alleging that appellant, as executor, "failed to appraise the same (said note) at its value as of the date of death of the said decedent and failed to charge himself as such executor in the amount of the unpaid balance of said note as of the date of decedent's death, said asset being a just claim which the testator had against said executor and his wife."

It is contended by appellant that the Probate Court had no authority to determine the value of said note in the proceeding upon exceptions to the inventory. However, it seems clear that under the plenary power conferred upon the Probate Court incident to the administration of an estate it has complete power, after the hearing upon the exceptions provided under the provisions of Section 2115.16, Revised Code, to revise the determination of the value of any security as determined by the executor and the appraisers.

In reaching its decision and the entry of judgment thereon the court applied the provisions of Section 2115.12, Revised Code, reading as follows:

"The naming of a person as executor in a will shall not operate as a discharge or bequest of a just claim which the testator had against such executor. Such claim shall be included among the assets of the deceased in the inventory required by Section 2115.02 of the Revised Code. The executor shall be liable for it as for so much money in his hands at the time such debt or demand becomes due, and must apply and distribute it as part of the personal estate of the deceased."

This section is of ancient origin. See *In re Estate of Koons*, 11 Ohio Opinions, 389, citing *Admx. of Tracy* v. *Admr. of Card*,

2 Ohio St., 431; *Hall, Admr.*, v. *Pratt*, 5 Ohio, 72; *Exr. of Bigelow* v. *Admrs. of Bigelow*, 4 Ohio, 138; *McGaughey, Admr.*, v. *Jacoby*, 54 Ohio St., 487, and other authorities. But, in our opinion, the provisions of Section 2115.12, Revised Code, should be construed *in pari materia* with other sections of Chapter 2115 of the Revised Code. For example, Section 2115.02, Revised Code, provides that such inventory is to be based on values as of the date of the death of the decedent, and Section 2115.07, Revised Code, provides that the appraisers shall take an oath that they will truly, honestly and impartially appraise the estate and property exhibited to them and perform the other duties required in the premises according to the best of their knowledge and ability. Section 2115.09, Revised Code, provides that such inventory shall specify the name of the debtor in each security, the date, the amount originally payable, the endorsements thereon with their dates, the serial numbers or other identifying data as to each security, and the sum which, *in the judgment of the appraisers, can be collected on each claim.*

In the instant case presumably it was the judgment of the appraisers that nothing could be collected on the note in question. This does not mean, however, that their judgment in the premises is final but that upon a hearing of exceptions to the inventory upon evidence adduced in support thereof the court can determine otherwise.

Inasmuch as it is apparent from the record at the hearing that the court based its conclusion that the note in question should be listed at face value solely on the basis of the provisions of Section 2115.12, Revised Code, without giving consideration to the application of the other sections above referred to in Chapter 2115, Revised Code, the judgment of the Probate Court is reversed and the cause is remanded thereto for a determination of the true value of the note in question as of the date of the death of the decedent.

We recognize that the defense of the statute of limitations is an affirmative defense and that the exceptor might present evidence upon the rehearing that notwithstanding the running of the statute the maker of the note had acknowledged the debt or may have made a payment thereon which tolled the statute. Upon the record of the hearing there is no evidence tending to

357

show that the appellant intended to interpose the statute of limitations as a defense to the note. Upon this appeal we do not determine whether or not the circumstances are such as would require the court to remove the executor as provided by Section 2113.18, Revised Code, providing as follows:

"The Probate Court may remove any executor or administrator if there are unsettled claims existing between him and the estate, which the court thinks may be the subject of controversy or litigation between him and the estate or persons interested therein."

The judgment of the Probate Court is reversed and the cause remanded thereto for rehearing upon the exceptions to the inventory.

*Judgment reversed and cause remanded.*

SMITH, J., concurs.
DEEDS, P. J., dissents.

DEEDS, P. J., dissenting. It is my view that Section 2115.12, Revised Code, is mandatory and required the executor to include the note in question in the inventory of the decedent's estate as specifically provided in that section. Section 2305.03, Revised Code, provides as follows:

"A civil action, unless a different limitation is prescribed by statute, can be commenced only within the period prescribed in Sections 2305.03 to 2305.22, inclusive, of the Revised Code. *When interposed by proper plea by a party to an action mentioned in such sections, lapse of time shall be a bar thereto.*" (Emphasis added.)

It is my opinion, therefore, that neither the appraisers nor the executor had the authority to determine the value of the note in making the appraisal nor in the filing of the inventory where as in the case before us the claim should have been listed as an asset as provided by Section 2115.12, Revised Code.

Paragraphs 2 and 3 of the syllabus in *In re Estate of Wreede*, 106 Ohio App., 324, are as follows:

"2. The right of a widow to a year's allowance in the estate of her deceased husband vests immediately upon death, becomes a preferred and secured debt of his estate, and, when it has not been paid to the widow during her lifetime, such allowance sur-

vives as an asset of her estate and is includible in the inventory of her estate as a debt due from the estate of her deceased husband.

"3. A hearing on exceptions to an inventory is a summary proceeding in which the Probate Court may summarily determine whether those charged with the responsibility therefor have included in a decedent's estate more or less than such decedent owned at the time of his death, *but it does not have plenary power to determine the collectibility of the debt.*" (Emphasis added.)

The statement in the opinion by Guernsey, J., in *In re Estate of Wreede, supra*, pp. 332 and 333, is applicable here:

"It is our conclusion that where title is not in issue a Probate Court does not have any power or jurisdiction, even discretionary, in a summary hearing on exceptions filed to the inclusion of a chose in action in the inventory of a decedent's estate, to determine that said chose in action can not be enforced and is uncollectible by reason of the running of the statute of limitations, which defense could be asserted only by a person, not then before the Probate Court, in a plenary proceeding in which such person is properly made a party. In sustaining exceptions on such grounds the Probate Court exceeded its jurisdiction of the subject matter and committed error prejudicial to the executor of the estate, in the particulars assigned."

It is my opinion, therefore, in accordance with the provisions of Section 2305.03, Revised Code, and the decision in *In re Estate of Wreede, supra* (106 Ohio App., 324), that the Probate Court was not authorized to determine the value or whether the note in question was collectible in the hearing on exceptions, but was required to determine that said note should be included in the inventory of the decedent's estate as provided by Section 2115.12, Revised Code. *Exr. of Bigelow* v. *Admrs. of Bigelow*, 4 Ohio, 138; *Hall, Admr.*, v. *Pratt*, 5 Ohio, 72, see opinion p. 82; *McGaughey, Admr.*, v. *Jacoby*, 54 Ohio St., 487. Also see *In re Estate of Gottwald*, 164 Ohio St., 405; 34 Ohio Jurisprudence (2d), 666, Limitation of actions, Sections 188 and 189, and cases cited in the opinion in *In re Estate of Gottwald, supra* (164 Ohio St., at page 410 *et seq.*). It is my conclusion that the judgment of the Probate Court should be affirmed.