1999 SD 59

Charles H. FRITZEL and First National Bank in Sioux Falls, as Trustee for the Charles H. Fritzel Trust, Plaintiffs and Appellees,

v.

ROY JOHNSON CONSTRUCTION, Defendant and Appellant.

Nos. 20617, 20642.

Supreme Court of South Dakota.

Considered on Briefs March 25, 1999.

Decided May 12, 1999.

Chad W. Swenson of Johnson, Heidepriem, Miner, Marlow & Janklow, L.L.P., Sioux Falls, for plaintiffs and appellees.

Patrick J. Kane, Robert L. O'Conner, Sioux Falls, for defendant and appellant.

KONENKAMP, Justice.

[¶ 1.] When an estate was closed while its lawsuit was still pending, the trial court allowed an heir and his trust to substitute as plaintiffs, but no "documented" transfer to them of the estate's chose in action was ever consummated. Could the new plaintiffs pursue the action if it was not formally assigned to them? Because a chose in action is a form of personal property, it must be legally conveyed to effect a transfer. Nonetheless, an assignment of an action need not be in writing and any arrangement however informal will suffice to effect a valid transfer if that was the owner's intent. Such intent having been shown, we affirm the circuit court's denial of summary judgment for defendant and uphold its award of prejudgment interest on plaintiffs' verdict.

### Facts

[¶ 2.] In July 1993, Virginia Fritzel hired Roy Johnson Construction to install a drain tile system to divert groundwater seepage in her home at 1309 South Jefferson, Sioux Falls. When the job was finished, she paid the bill in full. Virginia Fritzel died in October 1994, leaving a will naming as beneficiaries her two sons, Charles and Robert Fritzel. The First National Bank in Sioux Falls was appointed the estate's administrator. As part of its duties for the estate, the Bank put the house on South Jefferson up for sale. It stood empty for some time.

[¶ 3.] Charles created the Charles H. Fritzel Trust in February 1995, and named the Bank as trustee. Following probate of the will, title to the house eventually vested in Charles and Robert, but Robert conveyed his interest to Charles. Charles then transferred his ownership to the trust on December 11, 1995.

[¶ 4.] In July 1995, an agent of the Bank noticed a musty smell in the basement and "intermittent colored spots" on the floor, signifying water seepage. The Bank hired Ray Brooks Construction to repair the damage. After consulting with an engineer, Brooks decided to replace the defective drain tile system Johnson had installed. The work totaled $4654.60, which included repairs to the basement floor, damaged during repair work. The Bank brought this action on behalf of the estate against Johnson in 1996. Its complaint alleged causes of action for negligent construction and breach of implied warranty.

[¶ 5.] While suit was pending, the estate was closed by court order on August 4, 1997, and the Bank was discharged as the administrator. Johnson moved for summary judgment claiming that the Bank, in its capacity as administrator, was no longer a proper party in interest. In response, the Bank submitted an affidavit from trust officer, Andrea Kuehn, who personally handled the duties of administrator. Kuehn stated in her affidavit that the estate was closed, "[a]fter first transferring responsibility for the water damage to the Charles H. Fritzel Trust, by agreement of the beneficiaries to the estate . . . ." Summary judgment was denied, and the trial court granted leave to amend the pleadings to substitute as real parties in interest, Charles Fritzel and the Bank as trustee for the Charles H. Fritzel Trust. SDCL 15–6–17(a).

[¶ 6.] A jury returned a verdict for $5000 against Johnson. The circuit court added $1415 in pre-judgment interest, computing it from the date the water damage was

discovered. Johnson appeals asserting that the circuit court erred in allowing the trust and Charles Fritzel to proceed with the estate's chose in action, when there was no proof that it had been transferred to them before the estate was closed and the administrator was terminated. Both sides appeal the trial court's method of calculating prejudgment interest.

## Standard of Review

[¶ 7.] When reviewing a motion for summary judgment our standard is well settled. We recently stated in *Estate of Shuck v. Perkins County:*

> Summary judgment is authorized 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.' SDCL 15–6–56(c). We will affirm only when there are no genuine issues of material fact and the legal questions have been correctly decided. *Bego v. Gordon,* 407 N.W.2d 801, 804 (S.D.1987). All reasonable inferences drawn from the facts must be viewed in favor of the nonmoving party. *Morgan v. Baldwin,* 450 N.W.2d 783, 785 (S.D.1990). The burden is on the moving party to clearly show an absence of any genuine issue of material fact and an entitlement to judgment as a matter of law. *Wilson v. Great N. Ry. Co.,* 83 S.D. 207, 212, 157 N.W.2d 19, 21 (1968).

1998 SD 32, ¶ 6, 577 N.W.2d 584, 586 (quoting *Julson v. Federated Mut. Ins. Co.,* 1997 SD 43, ¶ 5, 562 N.W.2d 117, 119). We are not bound by the trial court's factual assessment in granting summary judgment; we take an independent review of the record. *Spenner v. City of Sioux Falls,* 1998 SD 56, ¶ 7, 580 N.W.2d 606, 609 (citing *Walz v. Fireman's Fund Ins. Co.,* 1996 SD 135, ¶ 6, 556 N.W.2d 68, 70).

## Analysis and Decision

### 1. Transfer of Chose in Action

[¶ 8.] The right to proceed on Virginia Fritzel's chose in action for Johnson's

defective work belonged to the estate after her death. Johnson contends that because there was no "documented proof" of transfer from the estate to the trust or to Charles Fritzel, the right of action was extinguished when the estate was closed. He concludes, therefore, that neither Charles nor the trust had standing to proceed with the suit and the trial court erred when it denied Johnson's motion for summary judgment.

[¶ 9.] Choses in action, like debts owed a decedent, are estate assets. *Johnson v. Zimmerman,* 199 Misc. 903, 102 N.Y.S.2d 868, 869–70 (N.Y.1951); *see also In re Wreede's Estate,* 106 Ohio App. 324, 154 N.E.2d 756, 758 (1958)(unpaid debt owed to a decedent survives as an asset of the estate). A chose in action is intangible personal property. *Teed v. Powell,* 236 Va. 36, 372 S.E.2d 131, 133–34 (1988). As property of an estate, it must be passed to heirs or beneficiaries using " 'a deed, the execution of an adequate release or transfer in writing, or the *performance of some other act . . . .*' " *Reardon v. Whalen,* 306 Mass. 579, 29 N.E.2d 23, 24 (1940)(emphasis added)(quoting *Millett v. Temple,* 280 Mass. 543, 182 N.E. 921, 922 (1932)); *see also Murphy v. Killmurray,* 324 Mass. 707, 88 N.E.2d 544 (1949)(gift of chose in action, as intangible property, cannot be valid without a release, written transfer or the performance of some act putting it beyond the legal reach of creditors).

[¶ 10.] Transfer of a chose of action is valid when "it is delivered to the assignee without being affixed to any other instrument showing a title or a right to the thing assigned, and any language, however informal, will suffice if it shows the intention of the owner of that property to transfer it." *Briley v. Madrid Improvement Co.,* 255 Iowa 388, 122 N.W.2d 824, 826–27 (1963). If a decedent's chose in action is not assigned to another person or entity, any right of recovery can "only be maintained by the duly authorized representa-

tive of that estate, i.e., the executor or administrator." *Johnson,* 102 N.Y.S.2d at 870.

[¶ 11.] Unquestionably, the cause of action against Johnson survived Virginia Fritzel's death and became an intangible asset of the estate. For the trust or Charles Fritzel to be a real party in interest, then, the estate had to transfer ownership of the action to one or both of them. The Bank acted as both administrator and trustee. Was the Bank required to execute some document showing that it transferred the cause of action from the estate to the trust? We think not. "A transfer may be made without writing in every case in which a writing is not expressly required by statute." SDCL 43–4–5. No statute or case in South Dakota requires a "documented" transfer in these circumstances. *Accord Champion Home Builders Co. v. Sipes,* 219 Cal.App.3d 1415, 269 Cal.Rptr. 75, 80 (1990)(deciding under identical statute that assignment of choses in action need not be in writing). As evidenced by the trust officer's affidavit, the necessary act and the intent to transfer existed. Because the transfer legally passed the right of action from the Bank as administrator to the Bank as trustee, the trial court was correct in denying Johnson's summary judgment motion.

**2. Prejudgment Interest**

[¶ 12.] Johnson contends the trial court erred in awarding any prejudgment interest because damages could not have been reasonably ascertained before the jury's verdict. He cites *Colton v. Decker,* 540 N.W.2d 172 (S.D.1995). *Colton* interpreted SDCL 21–1–11, which applies to lawsuits commenced before July 1, 1990. The pertinent statute here, however, is SDCL 21–1–13.1, which for cases commenced after July 1, 1990, abrogated the rule that prejudgment interest cannot be obtained if damages remained uncertain until determined by a court. Now prejudgment interest is allowed from "the day that the loss or damage occurred." SDCL

21–1–13.1. Charles Fritzel and the trust argue that the damage occurred the day Johnson installed the drain tile system, July 24, 1993. The trial court figured interest from the date the damage was discovered. We concur with the trial court's date. The day of installation may have been when the negligence occurred, but no one knows for certain when the seepage began. Therefore, the only non-speculative date from which to compute interest was the day of discovery.

[¶ 13.] Affirmed.

[¶ 14.] MILLER, Chief Justice, and SABERS, AMUNDSON, and GILBERTSON, Justices, concur.