DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Wood County Court of Common Pleas, Probate Division, disposing of estate assets. Because we conclude that proceeds of the decedent's casualty insurance claim should have been distributed pursuant to his will, we reverse.
 {¶ 2} When James H. Ray Sr. died in 2000, he bequeathed his property equally to his sons, appellant, Donald L. Ray, and appellee, James H. Ray Jr. The decedent's will also named the brothers co-executors of the estate.
 {¶ 3} At the time of his death, James Ray Sr. owned a house in Bowling Green. When appellee examined the house a few weeks after his father's death, he noted a musty odor and a sagging floor in one of its rooms. Appellee believed this was water damage from a leaking roof. Contemporaneously, an independent appraiser set the value of the house at $88,000.
 {¶ 4} In January 2001, appellee contacted his father's insurer about a possible casualty insurance claim for water damage. According to appellee, the insurer's adjuster indeed found water damage to the house but advised appellee that such damage was likely not covered by James Ray Sr.'s policy.
 {¶ 5} In July 2001, appellee purchased his brother's half-interest in the home for $44,000. Appellee took possession of the house and had the water-damaged room rebuilt at a cost of $18,190.
 {¶ 6} In January 2002, apparently of its own volition, James Ray Sr.'s insurer advised appellee that it was reversing its decision on coverage and would pay to repair the water damage to the house. Appellee subsequently submitted repair bills to the insurer, which paid $17,940 to the estate.
 {¶ 7} The dispute in this matter is over the disposition of the $17,940. Donald Ray claims a half-interest in the money. James Ray Jr. maintains that, since he purchased the house which the insurance money was intended to repair, and contacted the insurance company, and fronted the cost of the repairs, he should be entitled to the whole amount. Appellee maintains that any claim of his brother was extinguished when he sold his share of the house.
 {¶ 8} Following a hearing, the matter was submitted to the trial court. The court characterized the issue as an "equitable/contractual question," and concluded:
 {¶ 9} "* * * The contested insurance funds exist only due to the monies and efforts expended by James Ray, Jr. after the date of death and transfer of the real estate and in complete reliance on the agreement of the parties. With this in mind, the Court finds that to allow Donald Ray to receive one-half of the monies paid to reimburse for expenses made by James Ray, Jr. would be inequitable and contrary to the intent and terms of the agreement reached by the parties."
 {¶ 10} The court then ordered that the whole of the disputed amount be distributed to appellee.
 {¶ 11} From this order, appellant now brings this appeal, setting forth the following single assignment of error:
 {¶ 12} "The trial court erred in awarding casualty insurance proceeds to one of two heirs to the exclusion of the other heir when the damaged real estate had been devised in equal shares to both heirs."
 {¶ 13} Neither party properly characterizes the insurance proceeds. The decedent's claim against his insurer was a chose in action[1] present at the time of his death. See AmericanSeaway Foods, Inc. v. Hildebrand (Oct. 10, 1985), Cuyahoga App. No. 49484. A chose in action is personalty which, unlike real property, passes on death to the holder's executor. See In re Wreede (1958),106 Ohio App. 324, 331-332. "Because a chose in action is considered personal property, and not an interest in real property, such chose in action is separate from the real property although it arose out of damage to the real property." Prince v.Jordan (Sept. 30, 1998), Lorain App. No. 97CA006906. The executor of the estate has a duty to reduce a chose in action to cash. Burns v. Daily
(1996), 114 Ohio App.3d 693, 704.
 {¶ 14} In this matter, it is undisputed that James Ray Sr.'s insurance claim antedated his death. James Ray Jr.'s contact with his father's insurer and meeting with its adjuster was no more than a fulfillment of his duty as a co-executor and gives him no greater legal or equitable claim to the insurance proceeds than his brother.
 {¶ 15} Had the casualty claim been honored when the insurer was first contacted, this matter would be less complicated. The proceeds would have been paid into the estate and the brothers, as co-executors, would have had the option to divide the funds as part of the estate's residue or apply the money to repair the house which they co-owned. Had they chosen the latter option, the value of the repairs presumably would have been reflected in the appraised value of the property. In either event, the value of the bequest each received would have been increased by one-half of the amount of the insurance proceeds.
 {¶ 16} As it is, the insurance proceeds were the equivalent of a newly discovered asset and should be treated as such. See R.C. 2113.69. Ultimately, these proceeds should be distributed in accordance with the decedent's will. Accordingly, appellant's sole assignment of error is well-taken.
 {¶ 17} On consideration whereof, the judgment of the Wood County Court of Common Pleas, Probate Division, is reversed. This matter is remanded to said court for further proceedings consistent with this decision. Costs to appellee.
JUDGMENT REVERSED.
Peter M. Handwork, J., Richard W. Knepper, J., Arlene Singer, J., CONCUR.
[1] A chose in action is, "[a] right to receive or recover a debt, demand or damages on a cause of action ex contracto or for a tort or omission of a duty." Black's Law Dictionary (6 Ed. 1990) 241; Prince v.Jordan (Sept. 30, 1998), Lorain App. No. 97CA006906.